No. 348. ISSERMAN *v*. ETHICS COMMITTEE OF THE ESSEX COUNTY BAR ASSOCIATION. Motion for leave to file brief of National Lawyers Guild, as *amicus curiae,* denied. Petition for writ of certiorari to the Supreme Court of New Jersey denied. Memorandum filed by MR. JUSTICE BLACK. MR. JUSTICE CLARK took no part in the consideration or decision of these applications. *Leonard B. Boudin* for petitioner. *Frederick C. Vonhof* for respondent.

MR. JUSTICE BLACK, with whom MR. JUSTICE DOUGLAS agrees.

I would grant this certiorari. It involves an order of the New Jersey Supreme Court permanently disbarring petitioner from the practice of law in that state. The Court's order rests on petitioner's conviction of contempt in a federal district court, affirmed by this Court in *Sacher* v. *United States,* 343 U. S. 1. The record of the New Jersey proceedings before us leaves me with the belief that the state failed to afford petitioner the kind of a hearing required by the Due Process Clause of the Fourteenth Amendment. Although petitioner was allowed to appear before a local bar committee and to present a formal answer and make oral argument before the State Supreme Court, the full record persuades me that he was denied an adequate opportunity to confront witnesses against him and to offer evidence in his behalf. Instead of hearing evidence and making its own findings the state court's order was based on findings made by a federal district judge who had summarily convicted petitioner of contempt without a hearing. I believe that a lawyer is denied due process when he is expelled from his profession without ever having been afforded an opportunity to confront his accusers and present evidence to deny, explain or extenuate the charges against him. See *Ex parte Robinson,* 19 Wall. 505, 512-513, and *In re Oliver,* 333 U. S. 257.