· No. 594, Misc. IN RE DISBARMENT OF CROW. It having been reported to the Court that John Harvey Crow, of· Urbana, State of Ohio, has been disbarred from the practice of law in all the courts of the State of Ohio by judgment of the Common Pleas Court, Champagne County, State of Ohio, duly entered on the 16th day of August, A. D. 1956, and this Court by order of March 23, 1959, having suspended the said John Harvey Crow from the practice of law in this Court and directed that a rule issue requiring him to show cause why he should not be disbarred;

And it appearing that the said rule was duly issued and served upon the respondent, who has filed a return thereto; now, upon consideration ᶜ the rule to show cause and the return aforesaid;

IT IS ORDERED that the said John Harvey Crow be, and he is hereby disbarred, and that his name be stricken from the roll of attorneys admitted to practice before the Bar of this Court.

MR. JUSTICE STEWART took no part in the consideration or decision of this matter.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BLACK concurs, dissenting.

The disposition made of this disbarment proceeding does not conform to our practice. While admission to membership in our Bar is dependent on membership in a Bar of a State or other like political unit (Rule 5), dis-

barment there does not automatically result in disbar-ment here. When a State disbars a lawyer, we suspend him and issue a rule to show cause why he should not be disbarred. He then has an opportunity to make a return, after which (or on expiration of 40 days if no response is made) "the court will enter an appropriate order." Rule 8.

If a return is made challenging the fairness of the state proceedings that resulted in his disbarment there, it is our practice to appoint a committee to make an inquiry into the matter and submit a report and recommendation to us. That was done in *In re Capshaw.* Journal, Supreme Court of the United States, February 12, 1945, p. 167; 65 Sup. Ct. 673. The committee there appointed reported and, acting on that report, we entered an order of disbarment. Journal, Supreme Court of the United States, May 19, 1947, p. 260; 67 Sup. Ct. 1345.

Crow has made a return in this case denying the charges against him, alleging they were "manufactured." He challenges the reliability of the witnesses who spoke against him; he insists that the testimony of some witnesses refutes the charges; he maintains that persons with dishonorable motives induced witnesses to testify falsely against him; he alleges that one of the judges who sat in the disbarment proceedings should have been disqualified.

Three of the charges relate to Crow's conduct in divorce proceedings. The fourth involves a charge that $100 given him by a client for posting a bond was not so used and was never returned.

The charges are serious but no more so than those involved in the *Capshaw* case. It is for us to make our own determination as to the fitness of an attorney to remain on our rolls. State proceedings of disbarment, though presumptively correct, are not binding. See *Sell-*

*ing* v; *Radford,* 243 U. S. 46. This is not the first time that state disbarment proceedings have been challenged as lacking in procedural due process. See *Isserman* v. *Ethics Committee,* 345 U. S. 927 (dissent). Sometimes we can act on the face of the record, as where no serious issues of fact are involved. See *In re Isserman,* 345 U. S. 286, rev'd, 348 U. S. 1. But the important questions presented here turn on factual issues. The return in this case contains allegations which, if proved, would suggest that the requirements of fair procedure, without which no citizen can be deprived of his livelihood, were not satisfied in the Ohio proceedings.

These complaints that Crow makes may prove to be as fanciful as he thinks the charges against him are. But we should act only after a report of a committee that reflects none of the feelings and prejudices of the community which has condemned Crow.