## No. 19,131.

PEOPLE OF THE STATE OF COLORADO *v.* H. GORDON HOWARD.

(342 P. [2d] 635)

Decided August 10, 1959.   Rehearing denied August 31, 1959.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, for relator.

Messrs. ROGERS, McCLAIN & BROWN, for respondent.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

THIS is an original proceeding initiated by the Attorney General of the state of Colorado who, on July 9, 1959, filed with the clerk of this court a petition for a citation directed to H. Gordon Howard, an attorney licensed by this court to practice law in the state of Colorado, to show cause why his license should not be suspended during the pendency of disciplinary proceedings pending before the Grievance Committee of this court, and awaiting investigation, hearing and recommenda-

tions of that committee with respect to the charges filed against said Respondent.

Pursuant to said petition, citation was issued on July 13, 1959, directing the Respondent to appear before this court at 9:30 A.M., July 27, 1959, to show cause why his license should not be suspended. The citation, together with a copy of the complaint pending before the said Grievance Committee, was served on the Respondent on July 14, 1959. Thereafter and on July 21, 1959, Respondent filed a motion for a continuance and extension of time for appearance herein, and was granted further time and until August 3, 1959, to make his appearance and return.

On July 30, 1959, the Respondent, through his counsel, filed a motion for further continuance and for additional time to make return to said citation, which motion was on July 30, 1959, denied.

On July 31, 1959, the Respondent, through his counsel, filed his motion to dismiss the formal complaint then pending before the Grievance Committee, and thereafter and on August 3, 1959, prior to the hour of hearing herein filed a motion to strike certain allegations from the complaint pending against him.

At 9:30 A.M., August 3, 1959, the Respondent and his counsel appeared before this court and his counsel again urged and requested that a continuance be granted, which request for a further continuance was denied. Counsel was given an opportunity to argue the merits of his motions to dismiss and to strike and ruling thereon was deferred.

The Respondent, of his own volition and without being required so to do, was sworn as a witness and given full opportunity to answer any matters set forth in the charges filed against him. He testified with reference to each of the four charges and was given full opportunity to present any evidence that he might offer in his defense. At the close of the hearing the court took the matter under advisement.

▉ The court now being fully advised in the premises denies the motion to strike and the motion to dismiss and, having reviewed the charges, considered the testimony of Respondent, and taken judicial notice of its own records; particularly the records in Case No. 18,456, *H. Gordon Howard, et al. v. Joseph D. Hester, as Conservator, et al.*, a civil proceeding (brought to this court by Respondent by writ of error), decided April 13, 1959, wherein it was found and determined that Respondent had obtained from Mary E. Hannum, age eighty-five years, by fraud and undue influence, the sum of $1000.00 and her promissory note for $250.00; and Case No. 18,346, *Howard v. International Trust Company, et al.*, a civil proceeding (brought to this court by Respondent by writ of error), decided April 27, 1959, wherein it was found and determined that Respondent by fraud obtained from Mary Steinhart, age eighty-eight years, a deed to certain real estate located in Illinois, now FINDS that the records in the cases above referred to disclose facts which warrant and sanction the suspension of the Respondent's license to practice law pending final hearing and determination of the charges set forth in the complaint.

It is therefore ordered that the Respondent's license to practice as an attorney and counsellor at law in the state of Colorado is hereby suspended until the further order of this court; it is further ordered that the Respondent forthwith and from this date hence cease and desist from holding himself out as an attorney authorized to practice law in the state of Colorado, and that he cease and desist from the practice of law in any manner, directly or indirectly.

MR. JUSTICE FRANTZ not participating.