In the Matter of the Disbarment Proceedings of J. Harvey CROW.

No. 14149.

United States Court of Appeals Sixth Circuit.

Decided Nov. 4, 1960.

As Amended Nov. 16, 1960.

J. Harvey Crow, in pro. per.

Phillip K. Folk, Columbus, Ohio, and D. Harland Jackman, London, Ohio, for Ohio State Bar Ass'n, amicus curiae.

Before SIMONS, Senior Circuit Judge, and CECIL and WEICK, Circuit Judges.

CECIL, Circuit Judge.

This is an appeal from the District Court for the Northern District of Ohio, Eastern Division. The appellant, J. Harvey Crow, was disbarred from practicing law in that court and now seeks a reversal of the judgment of disbarment.

The appellant was admitted to the Bar of Ohio and licensed to practice law in all of the courts of the State prior to 1929. Without going into the details of litigation connected with the professional career of the appellant, the ultimate facts with which we are concerned, as shown by the record, are as follows: He was admitted to the Bar of the District Court, August 20, 1929, disbarred by the Court of Common Pleas of Stark County, Ohio, January 18, 1935, and on the basis of that disbarment he was suspended from practice in the District Court, by order dated January 28, 1935. An order of disbarment was entered September 8, 1937. After reinstatement by the Stark County Court, he was readmitted to practice in the District Court March 2, 1950.

On August 16, 1956, the Court of Common Pleas of Champaign County, Ohio, after trial, filed findings of fact and conclusions of law, and entered a judgment of disbarment. The Court that heard the case was composed of three visiting judges assigned especially by the Chief Justice of Ohio.

This judgment was affirmed by the State Court of Appeals May 24, 1957. On December 18, 1957, he appealed to

the Supreme Court of Ohio where his "appeal as of right herein was dismissed for the reason that no debatable constitutional question was involved." 167 Ohio St. 165, 146 N.E.2d 846. The Supreme Court of the United States denied certiorari June 24, 1958. Crow v. Faulkner, 357 U.S. 927, 78 S.Ct. 1372, 2 L.Ed.2d 1371.

On June 1, 1959, the Supreme Court of the United States, upon the report of the disbarment in Ohio, by order, without a hearing and without opinion, disbarred the appellant from practice in that Court. 359 U.S. 1007, 79 S.Ct. 1152, 3 L.Ed.2d 1025.

Subsequent to filing proceedings in the District Court, the appellant was cited for contempt in the Supreme Court of Ohio, for refusing to comply with the disbarment order. On this charge he was ordered to surrender his license to practice law in the state courts or serve six months in jail. He surrendered his certificate of admission to practice. The Supreme Court of Ohio granted an application for rehearing of this order and upon rehearing reentered an order and finding that J. Harvey Crow was guilty of contempt of court. Thereupon the said J. Harvey Crow petitioned the Supreme Court of the United States for a writ of certiorari to the Supreme Court of Ohio. This petition was denied.

The proceedings in the Court of Common Pleas of Champaign County which resulted in the disbarment were initiated by the appointment of an investigating committee. This committee was appointed by Judge Owen the resident judge of that court. The charges prepared and filed by the committee consisted of eleven specifications of misconduct. Seven of these were abandoned at the trial and the appellant was found guilty on specifications two, four, five and seven. The issues presented by the charges were fully tried by the court in a trial that continued throughout eight days. The appellant was present and participated in the trial.

The specifications upon which he was convicted are fully set forth in the opinion of District Judge Jones and reported at 181 F.Supp. 718. They are obviously such charges as affect his moral character and professional standing.

A District Court may provide by rule the qualifications upon which it will admit members to its Bar. Section 2071, Title 28 U.S.C., Rule 83 F.R.Civ.P., 28 U.S.C. This is recognized by the Judicial Conference of Senior Circuit Judges, which recommended "Suggested Local Rules for the United States District Courts." (1940) 4 Federal Rules Service 1021.

Requirements of the Court for the Northern District of Ohio, applicable to the appellant, are admission to the Bar of Ohio for one year and good moral character and professional standing. One having these qualifications may be admitted on oral motion of an attorney of the court in good standing. Rule 1(b) Rules of the United States District Court for the Northern District of Ohio. Subdivision (e) of this rule relating to disbarment adopts rule 1(e) of the "Proposed Uniform Local Rules for District Courts." 4 Federal Rules Service 1022. The applicable provision of this rule is as follows: "Whenever it is made to appear to the court that any member of its bar has been disbarred or suspended from practice or convicted of a felony in any other court he shall be suspended forthwith from practice before this court and, unless upon notice mailed to him at his last known place of residence he shows good cause to the contrary within * * * days, there shall be entered an order of disbarment, or of suspension for such time as the court shall fix."

It has been held by the Supreme Court of the United States that disbarment from practice in a state is not alone sufficient to disbar one from practice in a Federal Court once he has been admitted to practice there. Selling v. Radford, 243 U.S. 46, 37 S.Ct. 377, 378, 61 L.Ed. 585; Theard v. United States, 354 U.S. 278, 77 S.Ct. 1274, 1 L.Ed.2d 1342.

In the Radford case, the Court said at page 50 of 243 U.S., at page 378 of 37 S.Ct.: "In other words, in passing upon the question of the right to continue to be a member of the Bar of this court, we think we should recognize the absence of fair private and professional character inherently arising as the result of the action of the Supreme Court of Michigan so far as we are at liberty to do so consistently with the duty resting upon us to determine for ourselves the right to continue to be a member of this Bar. That is to say, we are of opinion that we should recognize the condition created by the judgment of the state court unless, from an intrinsic consideration of the state record, one or all of the following conditions should appear: 1. That the state procedure from want of notice or opportunity to be heard was wanting in due process; 2, that there was such an infirmity of proof as to facts found to have established the want of fair private and professional character as to give rise to a clear conviction on our part that we could not consistently with our duty accept as final the conclusion on that subject; or 3, that some other grave reason existed which should convince us that to allow the natural consequences of the judgment to have their effect would conflict with the duty which rests upon us not to disbar except upon the conviction that, under the principles of right and justice, we were constrained so to do."

Judge Jones, recognizing the requirements, above stated, issued an order to the appellant to show cause why he should not be disbarred in the District Court. An answer under the caption of "Application" was filed by the appellant. It was in large measure unresponsive to the specifications upon which the appellant was found guilty. Affidavits and other papers were filed in support of it. In the "Application" the motives of members of the committee and the judge of the Champaign County Court are attacked. The credibility of the witnesses who testified at the trial is likewise questioned.

Judge Jones rightly, we think, refused to hear the case de novo but did give the appellant ample opportunity to present his case in open court. Counsel in opposition were also heard. It is apparent from the well-written opinion of the trial judge and the record in the case that he carefully considered the response of the appellant both oral and written and the affidavits and papers filed in support thereof. He also carefully examined the procedure of the state courts with respect to due process in the light of the objections raised by the appellant.

We have examined the record in this case and conclude that Judge Jones followed the law and was fully justified in issuing the order of disbarment of the appellant. The judgment of the District Court is affirmed on the opinion of Judge Jones as reported at 181 F.Supp. 718.