No. 19,131.

THE PEOPLE OF THE STATE OF COLORADO *v.*
H. GORDON HOWARD.
(364 P. [2d] 880)

Decided August 21, 1961. Rehearing denied September 5, 1961.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. RICHARD A. ZARLENGO, Assistant,
for the People of the State of Colorado.

Respondent H. GORDON HOWARD, pro se.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

RESPONDENT H. Gordon Howard was licensed to practice law in Colorado on September 26, 1938. On July 9, 1959, the Attorney General filed a formal complaint against Howard alleging facts which if proved would justify his disbarment. On August 3, 1959, a hearing was held before this court on a citation directed to respondent to show cause why his license to practice law should not be suspended pending determination of the complaint. As a result of that hearing he was suspended from the practice of law until further order of the Court. *In Re Howard*, 140 Colo. 151, 342 P (2d) 635. The suspension has not been lifted and the matter is now before the court for final determination upon the report and recommendation for disbarment of the Grievance Committee of the Court.

Two charges, of the original four filed, were considered by the Committee and now by the Court as a basis for this disciplinary proceeding. They are:

1. The alleged obtaining of a warranty deed to real estate in La Salle County, Illinois, from one Mary Steinhart, a then aged, partially blind woman, by means of fraud and deceit without consideration. We note that Mrs. Steinhart was deceased by the time the complaint was filed; and

2. The alleged obtaining of $1,000.00 in cash and a $250.00 cognovit note payable to respondent's wife from Mary E. Hannum, an aged woman, by imposition, fraud and deceit and without compensation. We note that Mrs. Hannum was adjudicated· mentally incompetent about the time the complaint was filed against respondent.

Suffice it to say here that the charges in question were sufficiently established, over respondent's denials, his

own testimony and that of his witnesses as well as by the records in two civil actions against respondent in this Court, *Howard v. International Trust Company,* 139 Colo. 314, 338 P. (2d) 689, and *Howard v. Hester,* 139 Colo. 255, 338 P. (2d) 106.

■ Respondent particularly objects to the consideration of the records in the civil cases referred to, contending for application of the general rule that such records are not admissible because of lack of privity of the parties. He ignores the exception to this rule which is to the contrary in the case of disciplinary proceedings against an attorney. See *Werner v. State Bar,* 24 Calif. (2d) 611, 150 P. (2d) 892; *Louisiana State Bar Association v. Sackett,* 231 La. 655, 92 So. (2d) 571; *Armitage v. Bar Rules Committee,* 223 Ark. 465, 266 S.W. (2d) 818; *Re Thatcher v. United States,* (C.C.A. 6th Circuit 1914), 212 Fed. 801.

■ Put another way, in objecting to the admission in evidence of these records, respondent fails to recognize the distinction between disciplinary and usual civil or criminal proceedings. In *In Re Lacy,* 234 Mo. App. 71, 112 S.W. (2d) 594, the Missouri court drew this distinction saying:

"In his brief and argument, the respondent has proceeded on the theory that this is an adversary proceeding. We do not so understand it. It is an investigation by the court into the conduct of one of its officers and is neither a civil action nor a criminal proceeding, but a proceeding sui generis, the object of which is not to punish the offender, but to protect the court."

Rule 254, R.C.P. Colo., provides:

"To warrant a finding of misconduct, the charges must be established by substantial, clear, convincing and satisfactory evidence."

However, this does not mean that strict rules of evidence apply in disbarment proceedings, although they are frequently invoked to insure a fair hearing (*Werner,* supra).

In *State v. Gudmundsen,* 145 Neb. 324, 16 N.W. (2d) 474, the court said:

"It is therefore the holding of this court that the finding in a civil action that an attorney at law has been guilty of conduct justifying disbarment is not conclusive on the same question when presented for determination in an action for disbarment; that notwithstanding the finding in the civil action the culpability of the attorney must be established in the disbarment action by a clear preponderance of the evidence. For this purpose the evidence taken at the trial of the civil action and all other competent evidence is admissible."

In the present case the records and transcripts in the civil actions referred to were taken by the Committee as establishing prima facie grounds for disbarment of respondent, and he was given every opportunity to present any competent evidence he had to rebut, overcome or impeach the contents of those records.

Respondent availed himself of this right consuming over two days in the presentation of his defense. And, he was also personally present at the trial of both civil actions and had full opportunity to cross-examine and did cross-examine all witnesses either personally or through counsel.

*In Re Durant,* supra, at page 500 of the Atlantic report the court said:

"An attorney at law is an officer of court, exercising a privilege or franchise to the enjoyment of which he has been admitted not as a matter of right, but upon proof of fitness, through evidence of his possession of satisfactory legal attainments and fair private character. * * * For the manner in which this privilege of franchise is exercised he is continually accountable to the court, and it may at any time be declared forfeited for such misconduct, whether professional or non-professional, as shows him to be an unfit or unsafe person to manage the business of others in the capacity of an attorney. * * * The power to declare this forfeiture is a summary

one inherent in the courts, and exists, not to mete out punishment to an offender, but that the administration of justice may be safeguarded and the courts and the public protected from the misconduct or unfitness of those who are licensed to perform the important functions of the legal profession."

The findings and conclusions of the Grievance Committee were that the respondent had used his position as attorney to defraud Mary E. Hannum and had used his position as agent to defraud Mary Steinhart and that his misconduct had been clearly established by the records in the civil actions referred to; that the acts committed by the respondent were and are contrary to acceptable standards of honesty, integrity and morality; and demonstrated his unfitness to continue in the practice of law. In consequence the Committee recommended that respondent be disbarred.

An examination of the record and briefs in this action confirms the correctness of our prior action in suspending respondent and leads to the inevitable conclusion that he should be disbarred.

The respondent is disbarred and his name ordered stricken from the roll of attorneys of this Court.