Herman Gordon HOWARD, Appellant,

v.

UNITED STATES DISTRICT COURT FOR the DISTRICT OF COLORADO, Appellee.

No. 7207.

United States Court of Appeals Tenth Circuit.

June 20, 1963.

**522**

Herman Gordon Howard, pro se.

Frank E. Hickey, Denver, Colo. (William C. Stover, Ft. Collins, Colo., and Noah Atler, Denver, Colo., were with him on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

1. Howard v. Hester, 139 Colo. 255, 338 P.2d 106, and Howard v. International Trust Company, 139 Colo. 314, 338 P. 2d 689, certiorari denied 361 U.S. 916, 80 S.Ct. 258, 4 L.Ed.2d 184.

2. People v. Howard, 140 Colo. 151, 342 P.2d 635.

3. People v. Howard, 147 Colo. 501, 364 P.2d 380.

BREITENSTEIN, Circuit Judge.

Howard appeals from an order of the United States District Court for the District of Colorado barring him from the practice of law before that court. After two civil cases in which Howard's conduct as a lawyer and agent was drawn in question,[1] the Colorado Supreme Court suspended Howard from the practice of law, pending proceedings before its Grievance Committee.[2] That committee conducted a hearing. Howard appeared and presented witnesses in his behalf. Over Howard's objections the records in the two civil cases were received in evidence. The state court considered the report of the committee, overruled Howard's objection to the receipt in evidence of the records in the civil cases, and entered an order of disbarment.[3] The United States Supreme Court denied certiorari.[4]

Upon learning of the state action, the federal district court entered an order requiring Howard to show cause why he should not be disbarred in that court. Howard filed a response and the matter was set down for a hearing at which Howard appeared and presented arguments in his own behalf but produced no evidence. The federal court received in evidence the record of the state disbarment proceedings, which included the records in the two mentioned civil cases.[5] Howard now claims that the records in the civil suits were erroneously received in the state disciplinary proceedings and that he is entitled to a trial de novo by a jury in federal court. Also he has filed a motion for a jury trial in this court.

Disbarment by federal courts does not automatically follow disbarment by state courts.[6] The principles which govern federal courts in such situations are stated in Selling v. Radford, 243 U.S.

4. 369 U.S. 819, 82 S.Ct. 830, 7 L.Ed.2d 784.

5. In the federal court proceeding Howard did not object to the receipt in evidence of the records mentioned.

6. Theard v. United States, 354 U.S. 278, 282, 77 S.Ct. 1274, 1 L.Ed.2d 1342.

46, 51, 37 S.Ct. 377, 61 L.Ed. 585, and need not be repeated here. The federal district court considered all the conditions there specified,[7] and entered an order of disbarment. The record shows that although Howard had ample opportunity to bring himself within the conditions stated in Selling v. Radford, 243 U.S. 46, 37 S.Ct. 377, 61 L.Ed. 585, he failed to do so.[8]

██ Howard insists that the state proceedings denied him due process and the right of confrontation by the receipt of the records in the civil cases against him. This point was presented to the Colorado Supreme Court which upheld the use of the records.[9] Recognizing that the state decisions are split on this point,[10] we find no denial of any constitutional rights. Howard was a party to the two civil cases and had full opportunity to examine and cross-examine the witnesses. Colorado has held that the claim of no privity because the state was not a party to those cases has no merit in this type of proceeding. Further we have no jurisdiction to review an order of a state court disbarring an attorney for personal and professional misconduct.[11]

█ We are convinced that Howard had a proper and fair hearing in both the state court and federal district court. He has failed to bring himself within the protection of Selling v. Radford, 243 U.S. 46, 37 S.Ct. 377, 61 L.Ed. 585.

██ The motion for a jury trial in the court of appeals is denied. An appellate court does not try the facts.[12]

Affirmed.

7. Cf. In re Crow, 6 Cir., 283 F.2d 685, 687, certiorari denied Crow v. Faulkner, 357 U.S. 927, 78 S.Ct. 1372, 2 L.Ed.2d 1371, see also Matter of Disbarment of Crow, 79 S.Ct. 1152, 3 L.Ed.2d 1025, 359 U.S. 1007, and In re MacNeil, 1 Cir., 266 F.2d 167, 170–171, certiorari denied MacNeil v. Julian, 361 U.S. 861, 80 S.Ct. 120, 4 L.Ed.2d 103.

8. Cf. In re Alker, 3 Cir., 307 F.2d 880, 881, certiorari denied 371 U.S. 923, 83 S.Ct. 291, 9 L.Ed.2d 231.

9. 364 P.2d at 381.

10. Compare the cases cited in the state Supreme Court opinion, 364 P.2d at 381, with People ex rel. Chicago Bar Ass'n v. Amos, 246 Ill. 299, 92 N.E. 857, and Tennessee Bar Association v. Freeman, (Tenn.App.) 362 S.W.2d 828.

11. Gately v. Sutton, 10 Cir., 310 F.2d 107, 108.

12. First National Bank of Fort Smith, Arkansas, v. Mattingly, 10 Cir., 312 F.2d 603, 605; Barnard-Curtiss Company v. United States, 10 Cir., 244 F.2d 565, 567, certiorari denied 358 U.S. 906, 79 S.Ct. 230, 3 L.Ed.2d 227.