IN THE MATTER OF RICHARD S. MISCHLICH, AN ATTORNEY AT LAW.

Argued May 23, 1972—Decided June 22, 1972.

*Mr. Victor D. Tort* for order to show cause.

*Mr. Martin Bloom* for respondent.

PER CURIAM. On June 30, 1967 a federal grand jury indicted the respondent, along with others, on various counts including count seven which charged that, while vice-president of the Egg Harbor Bank and Trust Company, he made or caused to be made false entries in the Bank's accounts receivable ledger in violation of 18 *U. S. C. A.* § 1005. The government's evidence was to the effect that the respondent had caused to be made entries that certain accounts receivable were assigned to the Bank when he knew that the accounts were fictitious. The respondent denied the charge and controverted the government's evidence but the jury found him guilty. The district judge sustained the respondent's conviction under count seven and imposed a fine of $3,500 which was duly paid. *United States v. Mischlich,* 310 *F. Supp.* 669, 673 (*D. N. J.* 1970).

On appeal the third circuit affirmed the conviction. *United States v. Pappas,* 445 *F. 2d* 1194 (3 *Cir.* 1971). In the course of his opinion Judge Adams rejected the respondent's attack on the sufficiency of the government's testimony under count seven, noting that "the evidence demonstrates that Mischlich's action was not the mere recording of a transaction as it occurred, but rather was a sham transaction knowingly entered in the Bank's books to disguise the true nature of the Bank's resources and as such violated 18 U. S. C. A. § 1005." 445 *F. 2d* at 1200. Thereafter the third circuit denied the respondent's application for rehearing and the United States Supreme Court denied his petition for certiorari. *Mischlich v. United States,* 404 *U. S.* 984, 92 S. Ct. 449, 30 *L. Ed. 2d* 368 (1971).

In February 1972 the Atlantic County Ethics Committee conducted a hearing during which many witnesses testified as to the respondent's good character. He has held public office and has the continued confidence and respect of the local bar and community. He has been elected and reelected as director and president of the Egg Harbor Bank and Trust Company and apparently has a sound reputation in banking as well as legal circles. He has been engaged in the practice of law for forty-two years and is now sixty-six years of age. Apart from the federal conviction his record appears to be unblemished.

In addition to testimony with respect to the foregoing, the respondent introduced testimony attacking the credibility of the crucial witness who testified against him during the federal trial. He stated that he did this, not for the purpose of refuting the finding of guilt in the federal proceeding which he acknowledged to be binding on him, but because he believed that he had "the right to show the type of a person that the main witness was and to show circumstances" surrounding his conviction. He did not present to the Ethics Committee, nor to us, the voluminous transcript of the federal trial, presumably because he recognized, as we do, that it would be injudicious to reopen and seek to redetermine here the issue of guilt which was fairly passed upon by the jury and was fully reviewed in accordance with established federal procedures. See *In re Isserman,* 9 *N. J.* 269, 277–278, *rehearing denied,* 9 *N. J.* 316, 321 (1952), *cert. denied, Isserman v. Ethics Committee etc.,* 345 *U. S.* 927, 73 S. Ct. 706, 97 *L. Ed.* 1357 (1953), *reinstatement granted,* 35 *N. J.* 198 (1961) ; *In re Sullivan,* 33 *Ill. 2d* 548, 213 *N. E. 2d* 257, 259 (1965) ; *In re McAllister,* 14 *Cal. 2d* 602, 95 *P. 2d* 932, 933–934 (1939) ; *State ex rel. Sorensen v. Scoville,* 123 *Neb.* 457, 243 *N. W.* 269, 271 (1932) ; *State v. Stringfellow,* 128 *La.* 463, 54 *So.* 943 (1911) ; *A. B. A. Problems and Recommendations in Disciplinary Enforcement* 131–135 (Approved

Draft, June 1970); *but cf. In re Keogh,* 25 *A. D. 2d* 499, 267 *N. Y. S. 2d* 87, *modified, Keogh v. Richardson,* 17 *N. Y. 2d* 479, 266 *N. Y. S. 2d* 984, 214 *N. E. 2d* 163 (1965).

In *Isserman* Chief Justice Vanderbilt pointed out that in disciplinary proceedings against an attorney, the settled practice in our State has been to accept the criminal conviction as conclusive evidence of guilt. 9 *N. J.* at 277, 321. The American Bar Association's Special Committee on Evaluation of Disciplinary Enforcement, *A. B. A. Problems and Recommendations in Disciplinary Enforcement, supra* at 131–135, has recommended that this practice be universally adopted and that evidence "inconsistent with the essential elements of the crime for which he was convicted" be excluded from the disciplinary hearing. However, evidence which does not dispute the crime but which shows mitigating circumstances may be received on the issue of whether the nature of the "conviction merits discipline and, if so, the extent thereof." *In re Isserman, supra,* 9 *N. J.* at 321; *cf. In re Sullivan, supra,* 213 *N. E. 2d* at 260–261. Similarly, evidence of good reputation and trustworthy professional conduct may be received in aid of a proper determination as to the suitable measure of discipline called for by the conviction. See *In re Pernetti,* 58 *N. J.* 157 (1971) (three years); *In re Gurnik,* 45 *N. J.* 115 (1965) (two years); *In re James,* 26 *N. J.* 392 (1958) (one year); *In re Vieser,* 56 *N. J.* 60 (1970) (six months). As was pointed out in *In re Greenberg,* 21 *N. J.* 213, 224–225 (1956), in passing on discipline each case must be judged on its own footing with the goal in view of protecting the interests of the public and the bar while giving consideration to the interests of the individual involved.

The respondent has submitted a memorandum in which he urges that he be permitted to continue in the practice of law without suspension. The memorandum is in considerable part devoted to what, in effect, is an impermissible attack on the truth of the testimony which brought about the conviction. Beyond that, however, it permissibly

stresses the character testimony on the respondent's behalf and we have given due consideration to that testimony along with the indications that the transaction on which the conviction was grounded involved no personal gain to the respondent and resulted in no loss to the Bank. While the transaction did not relate to the respondent's professional duties as an attorney it did involve unlawful conduct of serious nature by a member of our bar and clearly calls for a significant disciplinary measure. In the light of all of the circumstances, we believe that an order suspending the respondent from the practice of law for the period of one year and until further order of the Court will constitute suitable and adequate discipline.

It is so ordered.

*For suspension for one year*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and MOUNTAIN—7.

*Opposed*—None.