IN THE MATTER OF PETER J. CORUZZI, AN
ATTORNEY-AT-LAW.

Argued November 7, 1984—Decided December 6, 1984.

David E. Johnson, Jr., Director, argued the cause on behalf of the Office of Attorney Ethics.

Peter J. Coruzzi argued the cause pro se.

PER CURIAM.

Following a jury trial respondent was convicted of four counts of bribery contrary to N.J.S.A. 2C:27-2. Each charge arose out of his misconduct as a Judge of the Superior Court. The jury concluded that in three separate criminal matters respondent had accepted or agreed to accept bribes; and that the consideration for the bribe money in two of those cases was to be respondent's agreement not to impose custodial sentences, while in the third it was to be his undertaking to change a custodial sentence to a non-custodial term. Respondent received the money in two of the cases. In the third he solicited the bribe but did not receive it.

In May 1982 the trial court sentenced respondent to a five-year custodial term, imposed a fine, and ordered restitution. The Appellate Division affirmed the conviction. State v. Coruzzi, 189 N.J.Super. 273 (1983), and we denied certification, 94 N.J. 531 (1983). This Court temporarily suspended respondent from the practice of law in June 1982. On the completion of removal proceedings under the pertinent statutes, N.J.S.A. 2A:1B-1 to -11, we permanently removed respondent from judicial office in March 1984, based on our finding beyond a reason-

able doubt that he had engaged in misconduct in office. *Matter of Coruzzi*, 95 *N.J.* 557, 581–82 (1984). We held that

a judge who accepts a bribe must be removed from office. There can be no exceptions whatsoever.

One might argue that there might conceivably be some bribery case somewhere with mitigating circumstances sufficient to justify discipline other than removal. That case will have to be argued elsewhere. In New Jersey nothing other than removal will do, no matter what the circumstances. [*Id.*, 95 *N.J.* at 566 (footnote omitted.)]

After respondent had been released from confinement in June 1984, the Disciplinary Review Board (DRB) acted upon the motion of the Office of Attorney Ethics for final disciplinary action. Respondent did not appear at the scheduled hearing before the DRB, whose Conclusions and Recommendations were as follows:

Respondent's criminal conviction of four counts of bribery clearly demonstrates that he engaged in illegal conduct that adversely reflected on his fitness to practice law, engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, and engaged in conduct that was prejudicial to the administration of justice. *DR* 1–102(A)(3), (4), and (5).

A criminal conviction must be accepted as conclusive evidence of guilt in a disciplinary proceeding. *In re Addonizio*, 95 *N.J.* 121, 123 (1984). The underlying facts of a conviction are relevant in determining the appropriate discipline to be imposed. *Ibid.*

In determining the proper discipline to be imposed on an attorney guilty of misconduct, many factors have to be considered, including the nature and severity of the crime, whether the crime was related to the practice of law, the presence of mitigating circumstances, and evidence of the attorney's good reputation, prior trustworthy, professional conduct, and general good character. *Matter of Infinito*, 94 *N.J.* 50, 57 (1983).

Respondent, a member of the Bar since 1954 and a Judge since 1972, was convicted of serious crimes of bribery. He used his office as a Judge to commit those criminal acts. He sold the integrity of his office, his profession, for personal gain. His actions have stained every member of the profession, a stain that will not soon disappear.

Bribery of a public official

has devastating consequences to the Bar, the Bench, and the public, and, especially, the public's confidence in the legal system. No sanction short of disbarment will suffice to repair the damage [*In re Hughes*, 90 *N.J.* 32, 37 (1982).]

The crimes respondent committed are a "cancer that destroys the very concept of democratic government." Disbarment is the only appropriate discipline. *In*

re *Sabatino,* 65 *N.J.* 548, 554 (1974). When the trial judge imposed sentence, he could find "No sensible excuse" for respondent's offense. See *State v. Coruzzi, supra,* 189 *N.J.Super.* at 317. There are no mitigating factors.

Respondent violated his position of public trust. His actions cannot be tolerated by a member of the Bar. Accordingly, the Board recommends that respondent be disbarred. The attorney who arranged the bribes at respondent's request has been disbarred. See *In re Caggiano,* 88 *N.J.* 618 (1981).

By virtue of the prior proceedings in this Court involving respondent—his petition for certification following the Appellate Division's affirmance of his conviction, and our role in the removal proceedings—we are intimately familiar with the record of his conviction. Respondent sought at oral argument before this Court (he filed no brief) to have us go behind that conviction, to examine anew his contentions challenging the conviction and this Court's participation in his removal, and, presumably, in these disciplinary proceedings, as to which he asks for discovery.

As to the first point, we have but recently adverted to the rule, firmly established "[l]ong before the 1970 adoption of the judicial removal statute, * * * that the conviction of an attorney conclusively established the underlying facts in disciplinary proceedings." *Matter of Coruzzi, supra,* 95 *N.J.* at 571, citing *In re Hughes,* 90 *N.J.* 32, 36 (1982); *In re Mirabelli,* 79 *N.J.* 597, 601–02 (1979); *In re Mischlich,* 60 *N.J.* 590, 593 (1973); *In re Isserman,* 9 *N.J.* 316, 321 (1951), *cert.* den. *sub. nom., Isserman v. Ethics Committee,* 345 *U.S.* 927, 73 *S.Ct.* 706, 97 *L.Ed.* 1357 (1953). But even were we persuaded, as we are not, that that rule should be ignored and the conviction re-examined, we are satisfied, as was the Appellate Division, that respondent's guilt has been established beyond any reasonable doubt.

Defendant was tried before a foreign and impartial jury. Testimony was presented for more than two full weeks. The jury deliberation did not take place until the court had delivered a carefully worded charge, to which no exceptions were taken. Every conceivable precaution was taken to safeguard defendant's rights. There is simply no legal basis upon which to justify a

reversal of defendant's conviction. [*State v. Coruzzi, supra*, 189 *N.J.Super.* at 315.]

As to respondent's "discovery" argument, that too was raised before, in the removal proceedings, and given thoughtful consideration. It was rejected then, as it is now, for these reasons:

> The remaining contention of respondent is that one or more members of the Court, perhaps all—the contention is not that specific—should be disqualified for having in some way participated in the prosecution of respondent. His contention rests on his unsupported belief that evidence of Court involvement in his prosecution will turn up, creating an improper appearance of partiality. This proposition is too tenuous to warrant disqualification. Discovery is sought on this issue, * * *. [W]here discovery is sought of those holding high office, there must be, at the very least, a solid showing of the need for and relevance of the predicted testimony. *Hyland v. Smollok*, 137 *N.J.Super.* 456 (App. Div.1975) (request to depose Attorney General denied, absent showing that Attorney General has relevant knowledge and that deposition was essential to prevent injustice).

> A claim based on the denial of discovery must indicate the matter which the applicant hopes will be developed. Here we have nothing more than the general assertion of some kind of involvement in the prosecution.. [*Matter of Coruzzi, supra*, 95 *N.J.* at 574 (footnote omitted.)]

Bribery is viewed as so reprehensible as almost invariably to call for disbarment. *See In re Hughes, supra*, 90 *N.J.* at 38–39. It must evoke particular consternation when committed by a sitting judge, for then it strikes directly at the heart of the administration of justice. Unlike the situation in *In re Mirabelli, supra*, 79 *N.J.* at 602 (prompt concession of guilt, cooperation with ethics officials: discipline, suspension for three years), this case reveals absolutely no extenuating circumstances. Surely a public official's years of public service cannot serve to mitigate the sanction when, as here, his misconduct is in direct disregard of the public trust. *In re Friedland*, 95 *N.J.* 170, 173 (1984). Under the circumstances no discipline short of disbarment would be commensurate with the transgression.

Respondent's name will be stricken from the roll. He is ordered to reimburse the Ethics Financial Committee for administrative costs.

So ordered.

Chief Justice WILENTZ and Justices CLIFFORD, SCHREIBER, HANDLER, POLLOCK, O'HERN and GARIBALDI join in this opinion.

## ORDER

It is ORDERED that PETER J. CORUZZI of HADDONFIELD be disbarred and that his name be stricken from the roll of attorneys of this State, effective immediately; and it is further

ORDERED that PETER J. CORUZZI be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that PETER J. CORUZZI reimburse the Ethics Financial Committee for administrative costs; and it is further

ORDERED that respondent comply with Administrative Guideline No. 23 of the Office of Attorney Ethics dealing with suspended, disbarred or resigned attorneys.