902 F.2d 33
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leonard R. ESTON, Petitioner-Appellant,
v.
MICHIGAN ATTORNEY DISCIPLINE BOARD; Michigan Attorney
Grievance Commission, Respondents-Appellees.
 No. 89-1269.
 United States Court of Appeals, Sixth Circuit.
 May 8, 1990.
 
 Before NATHANIEL R. JONES and KRUPANSKY, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner was admitted to practice law in the United States District Court for the Eastern District of Michigan, Southern Division, on March 6, 1973, based on his admission to the Michigan bar. On February 7, 1986, the Michigan Attorney Discipline Board, which is the adjudicative arm of the Supreme Court of Michigan for discharge of its duties of supervising and disciplining Michigan attorneys, suspended Eston from practicing law in Michigan state courts for sixty days. The suspension became effective when the Supreme Court of Michigan denied leave to appeal on May 28, 1986. Michigan Court Rule 9.122(C). On July 21, 1986, Eston received a sixty day suspension from practicing in the Eastern District of Michigan, Southern Division, after failing to respond to the late Chief Judge Philip Pratt's Order to Show Cause. Judge Pratt reinstated Eston to the local federal bar September 19, 1986.
 
 
 2
 On July 7, 1987, the Michigan Attorney Discipline Board and Michigan Supreme Court suspended Eston for fifteen months for misconduct in handling two clients. On July 17, 1987, Eston was suspended from the Michigan bar for three years for "practicing law while license to practice law was suspended" during his 1986 suspension. On August 20, 1987, Judge Pratt in accordance with local rules suspended Eston without a hearing or order to show cause, based on the Michigan suspensions. On December 1, 1988, after the fifteen-month Michigan suspension of July 7, 1987, had expired, Eston filed in district court a petition for restoration and reinstatement. Eston contended that the three-year Michigan suspension ordered July 17, 1987, was imposed without appropriate due process in the Michigan courts. Judge Pratt on January 20, 1989, issued an Order of Suspension for an indefinite period of time based on the suspension by the Michigan Attorney Discipline Board. Eston appeals from that order. It appears from the record that Judge Pratt did not grant Eston's request for an evidentiary hearing or opportunity to respond to an order to show cause why he should not be suspended.
 
 
 3
 The law is clear that federal courts must examine the merits of a state court suspension prior to basing a federal suspension or disbarment on the same grounds. The Supreme Court in Theard v. United States, 354 U.S. 278, 282 (1957), held that "disbarment by federal courts does not automatically flow from the disbarment by state courts." In In Re Ruffalo, 390 U.S. 544 (1968), the Court looked to the shortcomings of the procedural process of a state disbarment which was the basis for federal disbarment in determining that the federal disbarment was ordered in violation of due process. We agree with petitioner that he should have the opportunity to attack his federal disbarment on the ground that it was based on allegedly procedurally deficient state proceedings. See Selling v. Radford, 243 U.S. 46, 50 (1917); In Re Crow, 283 F.2d 685, 687 (6th Cir.1960). This opportunity should have been available prior to his federal suspension which was ordered August 20, 1987. Theard, supra, at 282.
 
 
 4
 This court's jurisdiction is limited to "appeals from all final decisions of the district courts of the United States." 28 U.S.C. Sec. 1291. It is unclear how respondents came to be named in this action, for they were not parties to the action in the district court, nor were they named in the Notice of Appeal to this court filed February 15, 1989. This court does not have jurisdiction over an action against respondents and they should be dismissed.
 
 
 5
 Accordingly, respondents are dismissed from this action, and the order of the district court suspending petitioner is vacated and this case is remanded to the district court for further proceedings consistent with this opinion.