**In re Richard LANDERMAN.**

**No. 2–98–AD–6.**

United States District Court,
D. Utah,
Central Division.

June 17, 1998.

Blake C. Ostler, Burbidge, Carnahan, Ostler & Whie, Salt Lake City, UT, for Richard C. Landerman.

Mary Kate A. Toomey, Utah State Bar—Office of Professional Conduct, Salt Lake City, UT.

Before WINDER, Senior District Judge, BOULDEN, Bankruptcy Judge and BOYCE, Chief United States Magistrate Judge.

## ORDER

This court issued an order to show cause to attorney Richard Landerman to show cause why he should not be disciplined by this court pursuant to DUCivR 83–1.5, and in regards to the right of Richard Landerman to practice before this court. Mr. Landerman was convicted in this court of a felony and previously disciplined by the Utah State Supreme Court. Mr. Landerman's resignation from the Utah State Bar was entered on April 2, 1997 with express recognition of eligibility to apply for admission to the Utah State Bar.

In the response to this court's order to show cause, Landerman, through counsel, states the order to show cause is directly contrary to the ruling of the Utah Supreme Court, that this court is bound by rulings of the Utah Supreme Court regarding lawyer discipline, and the matter is res judicata. The response is frivolous and without merit.

The Utah Supreme Court has no authority over the admission of attorneys to practice before this court or the discipline of members of the Bar of this court and their right to practice in this court. Although this court will admit an attorney to practice based on comity, when a member of the Utah State Bar seeks admission, the removal and discipline of a member of the bar of this court is exclusively the authority of this court and is not controlled by or dependent on any action or decision of the Utah Supreme Court.

In *Ex parte Burr*, 9 Wheat. 529, 22 U.S. 529, 6 L.Ed. 152 (1824), Chief Judge Marshall speaking for the Supreme Court, recognized the authority of a lower federal court to remove or suspend an attorney from practice before it. In *In re Snyder*, 472 U.S. 634, 105 S.Ct. 2874, 86 L.Ed.2d 504 (1985) the court reviewed the suspension of a lawyer from practice before the Eighth Circuit based on attorney misconduct before the court. The Supreme Court observed: "Courts have long recognized an inherent authority to suspend or disbar lawyers. *Ex parte Garland*, 4 Wall. 333, 378–379, 71 U.S. 333, 18 L.Ed. 366 (1866); *Ex parte Burr*, 9 Wheat. 529, 531, 22 U.S. 529, 6 L.Ed. 152 (1824). This inherent power derives from the lawyer's role as an officer of the court which granted admission." Id. at p. 642, 105 S.Ct. 2874.

In *In re Ruffalo*, 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968) the court further addressed the matter and said:

Though admission to practice before a federal court is derivative from membership in a state bar, disbarment by the State does not result in automatic disbarment by the federal court. Though that state action is entitled to respect, it is not conclusively binding on the federal courts. Theard v. United States, 354 U.S. 278, 281—282, 77 S.Ct. 1274, 1 L.Ed.2d 1342.

In *Theard v. United States*, supra, the court held that state and federal systems have autonomous control over the conduct of their officers ... (Id. at p. 281, 77 S.Ct. 1274) including lawyers. The Court said that state disciplinary proceedings are not conclusively binding on a federal court. Id. at p. 282, 77 S.Ct. 1274.

The rulings of the Tenth Circuit recognize the same standards. *Gately v. Sutton*, 310 F.2d 107 (10th Cir.1962); *Howard v. United States District Court for Dist., of Colorado*, 318 F.2d 521 (10th Cir.1963); *Matter of Gordon*, 640 F.2d 1143 (10th Cir.1981).

In a similar matter, *In re Attorney Discipline Matter*, 98 F.3d 1082 (8th Cir.1996), an attorney had been disciplined by the Missouri Supreme Court and then the federal district court acted to take independent action. The court first held the attorney could not claim res judicata because of an acquittal in an Illinois criminal prosecution. The court went on to state:

"[Although] a lawyer is admitted into a federal court by way of a state court, he is

not automatically sent out of the federal court by the same route." Theard v. United States, 354 U.S. 278, 281, 77 S.Ct. 1274, 1276, 1 L.Ed.2d 1342 (1957). Each individual court has autonomous power to discipline members of its bar. Id. ("[T]he federal judiciary ... have autonomous control over the conduct of their officers...."); Harlan v. Lewis, 982 F.2d 1255, 1259 (8th Cir.) ("The existence in the federal courts of an inherent [disciplinary] power necessary to the exercise of all others is firmly established.") (citation and quotation omitted), cert. denied, 510 U.S. 828, 114 S.Ct. 94, 126 L.Ed.2d 61 (1993); In re Rhodes, 370 F.2d 411, 413 (8th Cir.) ("Any court which has the power to admit attorneys to practice has the authority to disbar or discipline attorneys for unprofessional conduct.") (citations omitted), cert. denied, 386 U.S. 999, 87 S.Ct. 1321, 18 L.Ed.2d 349 (1967). While state court disciplinary action is " 'not conclusively binding on the federal courts,' " federal courts must give a high level of respect to state court disbarment proceedings.

See also *Matter of Calvo*, 88 F.3d 962 (11th Cir.1996); *In re Mroz*, 65 F.3d 1567 (11th Cir.1995); *Whitehouse v. U.S. Dist., Court for Dist., of R.I.*, 53 F.3d 1349 (1st Cir.1995); Elliott E. Cheatham, *The Reach of Federal Action Over the Profession of Law*, 18 Stan. L.Rev. 1288, 1291 (1966).

In *State Unauthorized Practice of Law v. Paul Mason*, 159 B.R. 773 (N.D.Tex.1993) the court held the State of Texas did not have authority to control who could practice in federal court. "Where federal law authorizes an agent to practice before a federal tribunal, the federal law preempts a state's licensing requirements to the extent that they are contrary to federal law [ (citing *Sperry v. Florida ex rel. Florida Bar*, 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963) )]." In passing on the matter the court observed:

Federal courts have undisputed, inherent authority to regulate practice in cases pending before them. Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). A federal court also retains "an absolute and unfettered power ... to admit and to discipline members of its bar independently of and separately from admission and disciplinary procedures of ... the state courts...." In re Abrams, 521 F.2d 1094, 1101 (3d Cir.1975). A federal court has the power to prescribe rules for the conduct of its business as long as the rules are consistent with the Acts of Congress and the rules of practice and procedure.

It is therefore obvious that Mr. Landerman's contentions as to jurisdiction and res judicata are without merit.

■ In addition, Landerman's response does not show that his alleged misconduct was frivolous, or that this court should defer at this time to the Utah State Bar. Landerman's criminal conviction was *mala en se* and a serious reflection on his character and fitness to be a lawyer before a federal court. Landerman has not given proper attention to DUCivR. 83–1.5, apparently being ignorant of its application in this case. Therefore, pursuant to DUCivR 83.1–5(b)(1) and (3) this matter is referred to the Committee of Conduct for attorneys of this court for further proceeding under the rules of this court.

In the interim and until this court has finally decided this matter, pursuant to DUCivR 83–1.5(d)(i) and (ii), Richard Landerman is suspended from the roll of attorneys of this court and may not appear in this court until further determination and order by this court.