IN THE MATTER OF MICHAEL G. COMMUNALE,
AN ATTORNEY AT LAW.

Argued February 4, 1969—Decided May 19, 1969.

*Mr. Robert J. McCurrie* argued the cause for Hudson County Ethics Committee.

*Mr. Raymond A. Brown* argued the cause for respondent.

The opinion of the court was delivered

PER CURIAM. This Court issued an order to Michael G. Communale to show cause why he should not be disbarred or otherwise disciplined for unprofessional conduct as more specifically set forth in a Report and Presentment of the Hudson County Ethics Committee. The Brief recites the following which is substantiated by an independent study of the testimony and record:

"The investigation of the conduct of the respondent, was precipitated by testimony given on July 6th, 1959 by Walter A. Dorn, President of Dorn Transportation Company Inc., before a United States Senate Committee known as the Select Committee on Improper Activities in the Labor Management Field. Mr. Dorn testified that in 1952, in order to avoid 'labor trouble' at the company's Secaucus, New Jersey, truck terminal, he began to make a number of cash payments to Anthony Provenzano, an officer of Local 560 International Brotherhood of Teamsters and that sometime in 1953 Mr. Provenzano

suggested a 'new arrangement' to Mr. Dorn in that he retain the respondent, Michael G. Communale, and send him a payment of $200.00 per month. Thereafter, the Dorn Company mailed a total of 73 checks, aggregating $15,600. (five of the checks were in the amount of $400. each) to Mr. Communale over a period beginning June 1, 1953 and ending June 1, 1959. Mr. Dorn further testified that he had never met Mr. Communale, had never heard of him, never consulted with him during the period of time the checks were sent to him and never asked him to do anything for the company.

On July 7, 1959 Mr. Communale also appeared and testified before the Senate Committee. He acknowledged that he had received the checks from the Dorn Company and that 'actually and substantially' he had done no 'work' for the money. Mr. Communale also testified that he had read the newspaper accounts of Mr. Dorn's testimony and that it was 'substantially correct' although he categorically denied that he had any knowledge of the 'alleged arrangement' between Dorn and Mr. Provenzano, saying that had he known of it he would not have accepted the first check. He further stated that he was not a close friend of Provenzano and did not have any relationship with him and that the proceeds of the checks were used for his own personal purposes and he did not pass any of the money over to anyone else. Mr. Communale was, at the time, a legal assistant on the staff of the Prosecutor of the Pleas of Hudson County. (His employment as legal assistant was terminated on July 31, 1959). * * *

The 1959 Hudson County Ethics Committee procured copies of the pertinent transcripts of the testimony taken before the Senate Committee but took no action because it understood that both the County and Federal Grand Juries were conducting inquiries into possible violations of the criminal statutes of their respective jurisdictions. The 1960 Ethics Committee, at the Supreme Court's direction, resumed the investigation of the matter. On December 16, 1960 Mr. Communale appeared before it and was interrogated. A copy of the transcript was forwarded to the Supreme Court. The 1960 Committee concluded that there was insufficient proof of misconduct on the part of the respondent to warrant a presentment. The matter was reactivated by the 1961 Hudson County Ethics Committee but by reason of the pendency of a federal indictment against Provenzano based upon the charges made by Mr. Dorn, above related, for a violation of 18 U. S. C., Sec. 1951 (The Hobbs Act) and the subsequent trial, appeals and post conviction efforts, it and the successor committees held the matter in abeyance. [Provenzano was convicted and this conviction was affirmed in *United States v. Provenzano*, 334 *F*. *2d* 678 (3d *Cir.* 1964), *certiorari* denied 379 *U. S.* 947 [85 *S*. *Ct.* 440, 13 *L. Ed. 2d* 544] (1964), motion for new trial denied 240 *F. Supp.* 393 (*D. N. J.* 1965), affirmed 353 *F. 2d* 1011 (3d *Cir* 1965), *certiorari* denied 384 *U. S.* 905 [86 *S. Ct.* 1340, 16 *L. Ed. 2d* 358] (1966)] * * * [t]he 1968 Hudson County Ethics Committee was directed to proceed with the matter. Mr. Dorn ap-

peared before the Committee and testified under oath on July 23, 1968. His testimony before this 1968 Committee was essentially the same as that which he had given at the time of his appearance before the Senate Committee and it is also similar to the resume of the testimony set forth in the opinion of Judge Biggs in *United States v. Provenzano,* [*supra*] * * *."

The testimony in *United States v. Provenzano,* at 334 *F. 2d, pp.* 682–683, was synopsized by Judge Biggs as follows:

"The court then asked: 'Mr. Dorn, will you tell us what actually took place during the course of this discussion with Mr. Provenzano when the name of Michael Communale was mentioned? Now, tell us what happened.' Dorn answered: 'We had lunch and Mr. Provenzano mentioned to me that he had a lawyer. He gave me the name of the lawyer on a slip of paper. I mentioned the fact that in Albany we retained a lawyer at $200 a month. To the best of my recollection there was no specific demand made at that time, nor was there any discussion of the retainer fee.' He was asked in respect to a letter of retainer that he wrote Communale much later: 'With respect to the substance of the letter, where did you get that information?' He replied: 'Anthony Provenzano.' Dorn testified in respect to the retaining of Communale that 'it was the method of making the payment that I had committed myself to make at the second meeting in 1952.' Dorn admitted that he had never met Communale. Compare the statement contained in the final paragraph of the retainer letter.

We deem further quotations from Dorn's testimony in respect to the engagement of Communale as unnecessary in this opinion.

The evidence shows that commencing on June 1, 1953, Dorn Company sent to Communale a check in the amount of $200 on or about the first of each month, every month until June 1, 1959, that the checks sent in September, October, November, December, 1953, and in January, 1954 were in the amount of $400 each. An examination of the evidence discloses only one mention of $200 as the amount of a monthly retainer in any conversation between Dorn and Provenzano. The record also demonstrates that of the 73 checks sent by Dorn Company to Communale some were deposited in trust accounts and the rest were cashed. It will be noted that Dorn did not send the retainer letter (Government Exhibit No. 69) until August 10, 1953, and that it referred to an earlier conversation which the evidence seems to demonstrate never took place. The payments to Communale were carried on the books of Dorn Company as legal expenses.

The record also shows that on April 5, 1957, Dorn wrote Communale stating that he wished to cease retaining him as of May 1, 1957 and to employ him on an individual case basis thereafter. This letter is in evidence as Government's Exhibit No. 27. The evidence is clear, however, that the payments by Dorn Company to Communale continued despite the letter terminating Communale's retainer until

June 1, 1959, and that until that day the monthly payments were made in the usual manner.

The evidence also demonstrates that Communale was Assistant Prosecutor of Hudson County, New Jersey, from 1952 to 1959; that while he was Assistant Prosecutor he maintained a private law office in Jersey City, New Jersey; that throughout the period during which he allegedly represented Dorn Company he never met Dorn; that he never spoke with anyone from Dorn Company; and that his communications with Dorn Company were limited to approximately half a dozen letters, which with the exceptions of the two set out in notes 2 [letter of retainer] and 4 [letter purporting to end retainer] of this opinion are without real significance and dealt with very minor matters.

The record further shows that during the entire period in which payments were made, the first and only labor grievance between Dorn Company and Local 560 occurred in January, 1959, but that in the period 1960 through 1962 eight labor grievances arose."

We find as did the Committee that Communale knowingly participated in the extortion of money from Dorn by Provenzano. Such conduct is highly reprehensible and requires disbarment. Accordingly, Michael G. Communale be and he hereby is disbarred and his name is ordered stricken from the roll of attorneys of this State.