## IN THE MATTER OF MICHAEL R. PERRELLA, AN ATTORNEY AT LAW.

Argued September 29, 1970—Decided October 26, 1970.

*Mr. Frederick C. Vonhof* for the order to show cause.

*Mr. Jerome C. Eisenberg* argued the cause for the respondent (*Messrs. Clapp & Eisenberg,* attorneys).

PER CURIAM. The Essex County Grand Jury returned a two-count indictment against the respondent Michael R. Perrella. The first count charged that the respondent had falsely represented to the Maryland Casualty Company that he was acting for three claimant passengers in an accident involving an automobile of one of its assureds and that he fraudulently obtained $3,000 from the Casualty Company in payment of their asserted claims; in fact the passengers, as well as the accident, were fictitious. The second count charged the respondent with conspiring with others to defraud the Maryland Casualty Company by obtaining the $3,000 from it under false pretenses, contrary to the provision of

*N. J. S. A.* 2A:98–1. The indictment was brought on for trial and in its midst the respondent pleaded guilty to the second count. The first count was then dismissed and the respondent was sentenced to pay a fine plus costs.

In due course the record of the respondent's criminal conviction was presented to the Essex County Ethics Committee for appropriate action. A hearing was held before the committee and the respondent testified that the assured's son had called him, had told him that his father's car had been in an accident, and had requested that he represent three passengers in the car. He testified that at that time he believed that the claims were bona fide. But he acknowledged that he never saw the passengers and that in due time he became fully aware that they were fictitious. He testified that notwithstanding this admitted awareness on his part he later acceded to a request for the submission of additional doctor's reports. This he accomplished by obtaining letterheads from a doctor friend and filling in reports under his name. When ultimately the Casualty Company's drafts were issued, they were payable to the supposed passengers and to an attorney friend of the respondent whose letterheads the respondent had used in his original correspondence with the Casualty Company. The names of the supposed passengers were endorsed and the attorney friend, after endorsing the drafts, placed them in a trust account, drew checks payable to the supposed passengers, and delivered them to the respondent. The respondent testified that he turned these checks over to another participant in the fraud but received none of the proceeds. He has at all times stated that his attorney friend was entirely unaware of any wrongdoing.

On the basis of the respondent's criminal conviction and the record before it the Ethics Committee submitted its presentment for disciplinary action. Thereupon an order to show cause was issued and the respondent was duly heard. He did not dispute the need for disciplinary action but urged that something less than disbarment be imposed.

We consider that disbarment is the only suitable course in the circumstances. The nature of the offense for which the respondent was convicted was so highly reprehensible and so utterly incompatible with participation in the administration of justice that it would be wholly inappropriate to permit any further continuance of his name on the roll of attorneys of this State. *See In re Communale,* 54 *N. J.* 47, 50 (1969); *In re Friedman,* 46 *N. J.* 131 (1965). The order of the Court is that the respondent be and he hereby is:
Disbarred.

*For disbarment*: Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*Opposed*: None.