IN THE MATTER OF
JAY J. TOPLITT, AN ATTORNEY-AT-LAW.

IN THE MATTER OF
JOSEPH D. MARCUS, AN ATTORNEY-AT-LAW.

Argued June 5, 1973—Decided June 26, 1973.

*Mr. Frederick C. Vonhof* argued the causes for the Essex County Ethics Committee.

*Mr. Donald S. Goldman* argued the cause for respondent Toplitt.

*Mr. Joseph D. Marcus* argued the cause *pro se.*

PER CURIAM. Respondents were named as defendants in a multi-count, multi-party indictment charging conspiracy to obtain moneys by false pretenses from various liability insurance companies by presenting false claims for personal injuries in automobile accidents and prosecuting suits and obtaining payments thereon. Pursuant to a plea bargain, Toplitt pleaded guilty to one count of the indictment and Marcus did likewise as to two counts. It is freely admitted they both had participated in numerous other fraudulent claims beyond those as to which the pleas were entered. Indeed, Toplitt, whose nefarious activity was more extensive than that of Marcus, has tendered his resignation from the bar with prejudice, which we decline to accept.

We need say no more than to repeat the conclusion expressed in the similar situation involved in *In re Perrella,* 57 *N. J.* 98, 100 (1970):

> * * * We consider that disbarment is the only suitable course in the circumstances. The nature of the offense for which the respondent was convicted was so highly reprehensible and so utterly in-

compatible with participation in the administration of justice that it would be wholly inappropriate to permit any further continuance of his name on the roll of attorneys of this State. * * *

*See also In re Perwin,* 60 *N. J.* 174 (1972); *In re Yormark,* 60 *N. J.* 175 (1972); *In re Zwillman,* 61 *N. J.* 181 (1972).

The order is that respondents be and they hereby are disbarred.

*For disbarment*—Chief Justice WEINTRAUB, and Justices JACOBS, PROCTOR, HALL, MOUNTAIN, SULLIVAN and GARVEN —7.

*Opposed*—None.