IN THE MATTER OF J. GEORGE IVLER, AN ATTORNEY AT LAW.

Argued May 27, 1981—Decided June 30, 1981.

---

*Richard J. Engelhardt,* Staff Attorney, argued the cause for complainant Disciplinary Review Board (*Colette A. Coolbaugh,* Secretary, attorney).

*Harvey Weissbard* argued the cause for respondent J. George Ivler.

PER CURIAM.

Respondent has been temporarily suspended from the practice of law since October 17, 1977 as a result of his 1975 federal court conviction on charges arising from the arson bombing of an East Orange health spa. The Disciplinary Review Board (DRB) recently filed a report with the Court recommending a four-year suspension retroactive to October 17, 1977 as a result of the conviction. We conclude that the only appropriate discipline under the circumstances is to order that respondent be disbarred.

The Figure-Tone Health Spa in East Orange, New Jersey, owned by a client of respondent, was completely destroyed by a dynamite bomb in February 1971. On December 23, 1975, a jury

in federal court convicted respondent, his client and another co-defendant on charges related to the bombing.[1] Specifically, respondent was convicted of (1) receiving and possessing an unregistered firearm (dynamite) in violation of 26 *U.S.C.* § 5861(d); (2) submitting fraudulent claims to four insurance companies through the mails in violation of 18 *U.S.C.* § 1341; (3) using an explosive in the commission of a federal crime in violation of 18 *U.S.C.* § 844(h)(1), (2); and (4) conspiracy to commit all of the above-described acts in violation of 18 *U.S.C.* § 371. While respondent was not a party to the actual bombing, the government's proofs showed that he participated in its planning and in the submission of insurance claims following the incident. He also held $7,500 in payoff money for the arsonists until the bombing was completed.

On March 8, 1976, respondent received a suspended sentence and was placed on probation for a period of three years. The Third Circuit affirmed the conviction on January 12, 1977 and the United States Supreme Court denied *certiorari* on March 7, 1977. The trial court denied a motion for a new trial on August 11, 1977.

As a result of respondent's conviction, the Passaic County Ethics Committee instituted disciplinary proceedings against him. A formal hearing was held on May 3, 1977 and the Committee, in a Presentment dated May 11, 1977, cited respondent for violations of DR1–102(A)(3) (engaging in illegal conduct that adversely reflected on his fitness to practice law), and DR1–102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation). *R.* 1:20–2(*o*)(3). The Presentment also referred to an unrelated Bergen County Grand Jury indictment, then pending against respondent, upon which a new ethics complaint had been filed. Acting on the Presentment, this Court on July 14, 1977 issued an order to show cause why respondent should not be disbarred or otherwise disciplined. On

---

[1]Another co-defendant pleaded guilty to the charges prior to trial.

October 17, 1977 we temporarily suspended him pending the resolution of the ethics complaints against him.

The DRB took no action on the Presentment pending disposition of the outstanding indictment against respondent. The charges were dismissed with prejudice in June 1979. In October 1979, counsel for respondent filed a motion asking this Court to consider the pending Presentment against respondent without hearing by the DRB. That motion was denied and the matter referred to the DRB.

On January 23, 1980, the DRB filed its report with this Court recommending that respondent be suspended from the practice of law for four years, retroactive to the original date of his suspension. Noting that respondent had violated the high standards of honor and moral decency which this Court imposes on all members of the profession, the Board indicated that conduct of this nature "would normally warrant the severest kind of discipline." It cited testimony and other evidence presented on respondent's behalf, however, which served to temper its initial reaction. Respondent apparently suffered a series of personal hardships and health problems in his quest to become a member of the bar and his perseverance, considered with evidence of his character and reputation as an attorney and his standing in his church and community, convinced a majority of the Board that a four-year suspension was adequate punishment.[2]

We cannot accept the DRB's recommendation in this case. Respondent stands convicted of grievous and most reprehensible felonies. No mitigating circumstances can diminish that fact. Respondent's conduct reflects unfavorably not only upon his fitness to practice law but also upon the legal profession as a whole. Recognizing that it is our duty to preserve the confidence of the public in the integrity and trustworthiness of the

---

[2]We withheld consideration of the DRB report pending disposition of another ethics complaint against respondent which was finally dismissed by the District Ethics Committee on March 3, 1981.

bar, *In re Wilson*, 81 *N.J.* 451, 456 (1979), we feel that there is no alternative but to disbar respondent. We reached the identical conclusion in *In re Toplitt*, 63 *N.J.* 240 (1973), and *In re Perrella*, 57 *N.J.* 98 (1970), wherein the respondents stood convicted of conspiracy to defraud insurance companies. As was stated in *Perrella*:

> We consider that disbarment is the only suitable course in the circumstances. The nature of the offense for which the respondent was convicted was so highly reprehensible and so utterly incompatible with participation in the administration of justice that it would be wholly inappropriate to permit any further continuance of his name on the roll of attorneys of this State. [57 *N.J.* at 100]

We would be doing a disservice to both the bar and the public if we were to permit respondent to resume the practice of law under these circumstances.

For the reasons heretofore stated, we conclude that disbarment is mandated. Respondent's name will be stricken from the roll.

For *disbarment*—Chief Justice WILENTZ, and Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER, HANDLER and POLLOCK—6.

*Opposed*—None.

## ORDER

It is ORDERED that J. GEORGE IVLER of Paterson be disbarred and that his name be stricken from the roll of attorneys of this State, effective immediately; and it is further

ORDERED that J. GEORGE IVLER be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that J. GEORGE IVLER reimburse the Administrative Office of the Courts for the cost arising out of these proceedings; and it is further

ORDERED that respondent comply with all the regulations of the Disciplinary Review Board governing suspended, disbarred and resigned attorneys.