IN THE MATTER OF JACK KRAKAUER, AN
ATTORNEY AT LAW.

June 13, 1985.

## ORDER

This matter having come before the Court on an order to show cause why JACK KRAKAUER of PASSAIC should not be disbarred or otherwise disciplined for his criminal conviction of one count of extortion, and said JACK KRAKAUER having failed to appear before this Court on the return date of said order to show cause, and good cause appearing;

It is ORDERED that the report of the Disciplinary Review Board recommending that respondent be disbarred is hereby adopted; and it is further

ORDERED that JACK KRAKAUER be disbarred and that his name be stricken from the roll of attorneys of this State, effective immediately; and it is further

ORDERED that JACK KRAKAUER be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that JACK KRAKAUER reimburse the Ethics Financial Committee for appropriate administrative costs.

### Decision and Recommendation of the Disciplinary Review Board

This matter is before the Board on a Motion for Final Discipline filed by the Office of Attorney Ethics. This is based on Respondent's criminal conviction of extortion, contrary to *N.J.S.A.* 2A:105–3(b).

On March 16, 1979, a Passaic County Grand Jury handed up Indictment 360–79 against Respondent and John Salek. In Count Three, both defendants were charged with unlawfully demanding money from Martin Schwartz, a partner, agent or representative of Jack Parker and/or the Jack Parker Construction Company of New Jersey, Inc., under threat of injury to their property between June 15 and September 28, 1978 in Passaic and Clifton, contrary to *N.J.S.A.* 2A:105–3(b). In Count Four, both defendants were charged with conspiring to commit misconduct in office. The charges

arose out of events which occurred between 1976 and 1978 involving efforts by Parker Construction Co. (Parker) to build a senior citizen high-rise unit in the City of Passaic. The State contended that defendant Salek, a City Councilman, and his attorney, defendant Krakauer, extorted $12,500 from Parker by threatening an appeal from a legal action brought by Parker concerning a tax abatement for the project. An appeal by Salek would have jeopardized Parker's financing. The defendants claimed that there was no "shake-down" scheme, but merely a settlement of Salek's alleged civil rights action under 42 *U.S.C.A.* § 1983 for Parker's interference with his right to counsel in the civil proceeding concerning the validity of the tax abatement [*State v. Krakauer and Salek,* unpublished opinion, Appellate Division Docket Nos. A–591–80T4 and A–588–80T4, March 23, 1982].

Following a 20-day jury trial, Respondent was convicted of extortion. His codefendant was convicted of misconduct in office. Respondent was sentenced on October 1, 1980 to 364 days in the Passaic County jail. He was directed to serve nine

months, .with the balance suspended. He also was placed on two years probation, fined $1,000 and directed to make restitution. On September 17, 1982, his sentence was modified to permit weekend release and recommended work release. In an unpublished opinion, the Appellate Division affirmed Respondent's conviction. On July 14, 1982, the Supreme Court denied his petition for certification and dismissed his appeal.

Respondent was suspended from the practice of law for one year by the Supreme Court on August 13, 1979 because he improperly represented both sides in a real estate transaction, attempted to collect a charge for a title search which was never ordered, attempted to retain a $5,000 commission which was never earned, and changed positions throughout the ethics proceedings. *In re Krakauer*, 81 *N.J.* 32 (1979).

The Office of Attorney Ethics now requests this Board to recommend to the Supreme Court that Respondent be disbarred.

## CONCLUSION AND RECOMMENDATION

A judgment of conviction is conclusive evidence of Respondent's guilt. *R.* 1:20–6(b)(1). This obviates the need for any independent examination of the underlying facts to ascertain guilt. *In re Bricker*, 90 *N.J.* 6, 10 (1982). The sole issue to be determined is the extent of final discipline to be imposed. *R.* 1:20–6(b)(2)(ii).

Respondent's conviction establishes he had engaged in illegal conduct that adversely reflected on his fitness to practice law. *DR* 1–102(A)(3). In *In re LaDuca*, 62 *N.J.* 133 (1973), the Court said:

> Extortion is a "highly reprehensible" type of misbehavior for an attorney, requiring disbarment, *In re Communale*, 54 *N.J.* 47, 50 [253 *A.*2d 161] (1969). Participation in an attempt at any form of it is no less offensive insofar as moral character and integrity is concerned [*Id.* at 140].

The Court in *LaDuca, supra,* held that this alone "would call for disbarment." *Ibid.* When Respondent was sentenced on October 1, 1980, he stated that he would "do the same thing

again" and offered no contrition to the Court [T62–5 to 6].* In considering what discipline to recommend, the Board takes note of Respondent's actions in *In re Krakauer, supra*, 81 *N.J.* 32 where he was suspended for one year for violating *DR* 1–102(A)(4) and (5); *DR* 5–105; *DR* 6–102(A) and *DR* 7–101. He had not filed for reinstatement following that suspension.

Respondent was admitted to the Bar in 1954. The Board finds Respondent, an experienced attorney, was well aware of what he was doing. There are no mitigating circumstances. His actions cannot be tolerated by a member of the Bar. Accordingly, the Board recommends Respondent be disbarred.

The Board further recommends that Respondent be required to reimburse the Ethics Financial Committee for appropriate administrative costs.

---

* T refers to transcript of motion for new trial and sentencing of October 1, 1980.