IN THE MATTER OF JOHN W. SURGENT, II, AN
ATTORNEY AT LAW.

Argued October 20, 1986—Decided December 11, 1986.

*Robyn M. Hill,* Deputy Ethics Counsel, argued the cause on behalf of Office of Attorney Ethics.

*John W. Surgent, II,* argued the cause *pro se.*

PER CURIAM.

This disciplinary proceeding arose from a motion filed by the Office of Attorney Ethics (OAE) before the Disciplinary Review Board (DRB), seeking final discipline of respondent, John W. Surgent, II, pursuant to Rule 1:20–6. The motion was based on respondent's criminal conviction in this State of conspiracy to commit theft by deception, contrary to *N.J.S.A.* 2C:5–2 and 2C:20–4, and his conviction in the U.S. District Court, Southern District of New York, of 14 felony offenses that included conspiracy, stock fraud, sale of unregistered securities, and subornation of perjury, contrary to 15 *U.S.C.* § 77e, 77x, 78j(b) and 78ff; 17 *C.F.R.* § 240, 10b–5; and 18 *U.S.C.* § 1341, 1343, 371, 1622 and 2.

The DRB recommended that respondent be disbarred. Our independent review of the record leads us to accept that recommendation.

# I

## The DRB summarized the relevant facts as follows:

Respondent, who was admitted to the Bar in 1967, was suspended from the practice of law on May 30, 1979 for improper execution of jurats, improper involvement in a business transaction concerning a client and conflict of interest in representing a corporation. [*In re Surgent*] 79 *N.J.* 529 (1979). While his petition for reinstatement was pending before this Board in early 1980, a Sussex County Grand Jury returned indictment I-86-79-J which charged him with obtaining money under false pretenses (Count 1, *N.J.S.A.* 2A:111-1) and with making a false statement (Count 2, *N.J.S.A.* 2A:111-8). The Board on March 19, 1980, denied the petition for reinstatement until the resolution of these criminal charges. While this indictment was pending, a federal grand jury handed up a 16-count indictment against Respondent and another individual. Respondent was charged in 14 counts with conspiracy (Count 1); selling unregistered securities (Count 2 through 7); securities fraud (Count 9 through 11); mail fraud (Count 12 and 13); wire fraud (Count 15) and subornation of perjury (Count 16). The indictment charged Respondent and his co-defendant with engaging in a criminal conspiracy to enrich themselves at the expense of the investing public and shareholders of World Gambling Corporation, a company which they controlled. The indictment alleged they unlawfully traded in company stock, misappropriated corporate assets and issued false and materially misleading statements to shareholders. The two were also charged with attempting to obstruct a Securities and Exchange Commission investigation into the company by suborning perjury. A jury convicted Respondent of all 14 counts on March 19, 1982. He was sentenced on June 9, 1982, to a total of ten years in prison. In imposing the sentence, the court noted:

> There was a deliberate, elaborate scheme carried out with various mechanisms to acquire small businesses which were vulnerable in unfortunate positions. The scheme involved holding out to these people that these businesses would be given financial infusions, would be given superior management, and therefore have a chance of survival.

> Instead, these businesses were simply used as a vehicle for looting what small amount of assets remained, so Mr. Surgent and his co-schemers simply put their hands in the pockets of these little companies and robbed them of whatever was left.

> I could hardly imagine a more cynical, a more dishonorable, more dangerous kind of fraudulent conduct.

The judgment of conviction was affirmed by the U.S. Court of Appeals for the second circuit in an unpublished opinion filed January 4, 1983. The United States Supreme Court denied certiorari on April 18, 1983. [*Surgent v. United States*, 460 *U.S.* 1086, 103 *S.Ct.* 1779, 76 *L.Ed.*2d 349 (1983).]

A Passaic County Grand Jury returned indictment 0162-83B against Respondent and another individual. Respondent was charged with conspiracy (Count 1) and seven counts of theft by deception (Count 8, 14-17, 21 and 24). Respondent was charged with involvement in a scheme between July 1980 and

May 1981 whereby he and his co-defendant falsely guaranteed financing in return for certain fees which would be refunded if financing was not obtained. On October 5, 1983, Respondent pleaded guilty to Count 1, in which he admitted obtaining $500 with a codefendant by falsely representing that financing would be obtained or the money refunded. A condition of the plea agreement was that Respondent make restitution of $52,675 to 25 victims. He was sentenced on October 19, 1983 and given a suspended sentence conditioned upon payment of a balance of $27,675 by April 19, 1984. This condition was later met by Respondent. At this time, the Sussex County indictment and a Camden County accusation, which charged Respondent with theft by failure to make required disposition of property received, were dismissed pursuant to the plea agreement. He is serving his federal prison sentence in Florida.

Upon a review of the full record, the DRB concluded there was clear and convincing evidence of respondent's unethical conduct. We have independently reviewed the record and reach the same conclusion.

II

Respondent stands convicted of a battery of serious federal crimes including conspiracy and fraud. Additionally, he entered a plea of guilty in New Jersey to conspiracy to commit theft by deception, in return for which a number of pending state criminal charges were dismissed.

A criminal conviction of an attorney is conclusive evidence of guilt in a disciplinary proceeding. *R.* 1:20–6(b)(1); *In re Kushner,* 101 *N.J.* 397, 400 (1986); *In re Infinito,* 94 *N.J.* 50, 56 (1983); *In re Rosen,* 88 *N.J.* 1, 3 (1981). The extent of final discipline to be imposed is thus the sole issue to be determined. *R.* 1:20–6(b)(2)(ii). In determining the appropriate discipline, we consider the nature and severity of the crime and whether the crime is related to the practice of law. Moreover, we examine respondent's good reputation, prior trustworthy professional conduct, and general good character. *In re Kushner, supra,* 101 *N.J.* at 401.

Respondent's federal and state convictions mandate disbarment. Respondent's actions for self-enrichment with regard to World Gambling Corporation as well as with regard to the

mortgage guarantee business may both be analogized to conspiracy and insurance fraud cases. Convictions of New Jersey attorneys on charges of insurance fraud and conspiracy to commit insurance fraud have regularly resulted in the attorneys' disbarment. *In re Marcus*, 63 *N.J.* 240 (1973); *In re Toplitt*, 63 *N.J.* 240 (1973); *In re Zwillman*, 61 *N.J.* 181 (1972); *In re Yormark*, 60 *N.J.* 175 (1972); *In re Perwin*, 60 *N.J.* 174 (1972); *In re Perella*, 57 *N.J.* 98 (1970).

As the DRB found in its Decision and Recommendation:
Although Respondent did not steal from his clients, he participated in a large scale scheme to steal from the general public. There is no indication in this record to support a conclusion other than this. Respondent knowingly entered into this scheme to commit acts of fraud. Neither the federal nor the state sentencing courts found any mitigating factors. Neither does this Board. Respondent has made restitution, but this cannot be deemed sufficient in light of the enormity of his crimes. *In re Wilson*, 81 *N.J.* 451, 457–458 (1979). As the Court said in *Wilson*,
[t]he public is entitled, not as a matter of satisfying unjustifiable expectations, but as a simple matter of maintaining confidence, to know that never again will that person be a lawyer [*Id.* at 456].

The goal of our disciplinary process is "to protect the interests of the public and the bar while giving due consideration to the interests of the individual involved." *In re Infinito, supra,* 94 *N.J.* at 57; *In re Mischlich*, 60 *N.J.* 590, 593 (1977). Here, the respondent's criminal record is appalling. The nature of respondent's criminal convictions clearly and convincingly demonstrates that respondent has engaged in "illegal conduct that adversely reflects on his fitness to practice law," conduct, that involves ". . . dishonesty, fraud, deceit or misrepresentation." *DR* 1–102(A)(3) and (4). Moreover, this is not respondent's first brush with the disciplinary system. He was previously disciplined by this Court. See *In re Surgent, supra,* 79 *N.J.* at 535. We find no mitigating factors. His conduct shows a total disregard for the basic principles of being an attorney.

The judgment is that respondent be disbarred. Respondent shall reimburse the Ethics Financial Committee for appropriate administrative costs, including the costs of transcripts.

## ORDER

It is ORDERED that JOHN W. SURGENT, II, of CLIFTON, who was admitted to the bar of this State in 1967, be disbarred and that his name be stricken from the roll of attorneys of this State, effective immediately; and it is further

ORDERED that JOHN W. SURGENT, II, be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that respondent comply with Administrative Guideline No. 23 of the Office of Attorney Ethics dealing with disbarred attorneys; and it is further

ORDERED that respondent reimburse the Ethics Financial Committee for appropriate administrative costs.

*For disbarment*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.