IN THE MATTER OF ARTHUR W. BRINKMANN,
AN ATTORNEY AT LAW, RESPONDENT.

Argued April 29, 1975—Decided June 9, 1975.

*Mr. Richard S. Rebeck* argued the cause for the Middlesex County Ethics Committee.

No appearance for respondent.

PER CURIAM. On May 1, 1973 respondent pleaded guilty to an information filed in the United States District Court for the District of New Jersey charging him with having in 1969, with intent to defraud the Middlesex County Bank, misapplied to his own benefit $55,000 of the moneys of the bank. The essence of the offense was the personal use by respondent of moneys borrowed from the bank, contrary to the purposes of the loan represented to the bank in applying for it. Based on that plea this court suspended respondent from the practice of law pending the outcome of ethics proceedings before the Middlesex County Ethics Committee. 64 *N. J.* 609 (1973).

Hearings conducted by the Ethics Committee subsequent to the order of suspension, in which respondent testified in attempted explanation of his conduct, have resulted in the filing by the Committee of a Supplemental Brief containing certain findings. One is that respondent applied to the Middlesex County Bank for two mortgage loans in the name of his brother-in-law and the latter's wife, one, the subject of the indictment, for $55,000, and the other for $70,000, and that there was misrepresentation and deception of the bank by respondent in connection with these transactions and prejudice to the brother-in-law. It was further found that "the various deeds and mortgages and bonds and title certificate" in connection with these loans prepared by respondent "involved dishonesty, fraud, deceit and misrepresentation" and that "some of the named parties were fictitious." The record amply supports all these findings. It appears that respondent forged the signatures of some parties on the title instruments, signed false jurats thereto and then placed the documents on the public records.

It is not necessary for us to describe at length the other sordid details of respondent's manipulations in these various transactions, for which his only excuses were financial problems in connection with his wife's illness and the urgings of his superior at an industrial firm by which he was employed. These in no way mitigate the gravity of the ethics offenses implicated.

Respondent has been guilty of a number of violations of the disciplinary rules, particularly DR1–102A (1), (3), (4), (6) and DR7–101A (1) and (3).

Respondent's conduct has made manifest his unfitness to practice law. His name is therefore ordered stricken from the roll of attorneys-at-law.

*For disbarment*—Justices MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD and Judge CONFORD—5.

*Opposed*—None.

## O R D E R

It is ordered that Arthur W. Brinkmann be disbarred and that his name be stricken from the roll of attorneys at law of this State, effective immediately; and it is further

Ordered that Arthur W. Brinkmann be permanently restrained and enjoined from practicing law.