### IN THE MATTER OF IRVING G. SCHLEIMER, AN ATTORNEY-AT-LAW.

Submitted October 4, 1978—Decided November 2, 1978.

PER CURIAM. In February, 1973 respondent in this disciplinary proceeding commenced a civil suit in Superior Court, Middlesex County, seeking damages from one Roslonski. The complaint alleged fraud in a business transaction between the parties. In the course of that transaction respondent had handed to Roslonski a certain check. In due course respondent was called by defendant's attorney in the civil suit to testify on oral deposition. On July 9, 1973, while so testifying, respondent was shown a check for $8000, made payable by him to Roslonski and bearing on its face a legend indicating that the check represented a loan. Respondent

identified the check and swore the legend was on its face when delivered to Roslonski. This was in fact not true, as was later developed in the course of the civil trial.

Subsequently, in June, 1976, a Middlesex County Grand Jury returned a two-count indictment charging respondent with perjury and false swearing as a result of his false testimony at the deposition with respect to the $8000 check. In August, 1976 respondent was convicted of false swearing in violation of *N. J. S. A.* 2A:131-4 and fined $1000. That conviction was affirmed by the Appellate Division, and this Court denied certification, *State v. Schleimer,* 75 *N. J.* 518 (1977). Thereafter respondent filed a motion with the criminal trial court to quash the indictment on constitutional grounds. The motion was denied. The Appellate Division denied leave to appeal and respondent sought further relief in this Court. Treating the matter as final and the application as a petition for certification, we denied the petition. 77 *N. J.* 480 (1978).

The Middlesex County Ethics Committee filed a presentment in April, 1978,[1] asserting that respondent was "unethical and unprofessional in that he was convicted of the crime of false swearing when he testified at a deposition in East Brunswick, New Jersey, on July 9, 1973 in a civil case when he was the plaintiff in said proceedings." Thereafter the Disciplinary Review Board conducted its *de novo* review and recommended that respondent be suspended from the practice of law for one year and be required to reimburse the Administrative Office of the Courts for the actual disbursements for stenographic transcripts arising out of this disciplinary proceeding. See *R.* 1:20-3(e). Inasmuch as the recommendation is for discipline beyond reprimand

---

[1] *R.* 1:20 covering discipline of members of the bar was adopted February 23, 1978, to be effective April 1, 1978. The hearing before the Middlesex County Ethics Committee was held on November 22, 1977, and therefore the Committee was permitted to conclude the matter rather than transfer it to the District Ethics Committee.

and for reimbursement of expenses, this Court is required to review the decision of the Disciplinary Review Board. *R.* 1:20–4(a).

The offense of which respondent has been convicted is most serious, going to the very heart of every attorney's obligation to uphold and honor the law. See DR1–102(A)(3), (4), and (5). While in some other situation we might view this kind of conduct with less indulgence, we are mindful — as doubtless was the Disciplinary Review Board — of certain circumstances which temper our disposition of this matter. Respondent is nearing 65 years of age. He was admitted to practice in New York in 1938, and in New Jersey in 1975. Failing health in recent years has caused him to restrict his practice to New Jersey as the only acceptable limitation short of retirement. Respondent's previous record both in this State and New York is unblemished, except for a reprimand in New York for failure to have made timely filing of a Satisfaction of Judgment. As the matter stands we are disposed to accept the recommendation of the Disciplinary Review Board of one year's suspension from the practice of law and reimbursement of costs.

So ordered.

*For suspension for one year*—Chief Justice HUGHES and Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—7.

*Opposed*—None.