IN THE MATTER OF LOUIS A. ROSEN, AN ATTORNEY
AT LAW.

Argued October 6, 1981—Decided December 1, 1981.

*David E. Johnson, Jr.*, Staff Attorney, argued the cause for complainant Disciplinary Review Board (*Colette A. Coolbaugh*, Secretary, attorney).

1

*Charles Frankel* argued the cause for respondent.

PER CURIAM.

On June 28, 1977 respondent Louis A. Rosen was found guilty at a jury trial of two counts of attempted subornation of perjury in violation of *N.J.S.A.* 2A:131–1 and *N.J.S.A.* 2A:85–5. Rosen attempted to procure false testimony favorable to his client who had been charged with criminal assault in a municipal court case. To this end, he offered to represent the assault victim, Thomas Craver, without fee in a careless driving case arising out of the same incident in exchange for Craver's favorable testimony. Rosen also sought to arrange for his client to pay any fine imposed on Craver in the careless driving case. Rosen's conviction was upheld on appeal.

Rosen admits that he offered to represent Craver gratis in the careless driving case and that he conveyed to Craver's father the offer of Rosen's client to pay any fine imposed on Craver. Rosen has explained that he was attempting to resolve the neighborhood dispute between the parties, rather than attempting to procure false testimony. The jury believed that the assistance offered to Craver by Rosen was intended to induce Craver to alter his anticipated testimony in the assault case against Rosen's client.

A tape recording of a telephone conversation between Rosen and Craver's father, introduced into evidence at Rosen's trial, supports the jury finding that Rosen's intent was to elicit false testimony in exchange for legal assistance. At one point during the telephone conversation, when Rosen was asked about his client's offer to pay the fine, if any, imposed on Craver in the careless driving case, Rosen said:

If he has to have the fine, uh, it is exactly what I told you before, I don't want to say it on the phone, I don't know if you are recording.

At another point, apparently speaking of Craver's proposed testimony, Rosen said:

> Like I say, you're really doing the right thing I don't think you are teaching your son wrong because that's life and that's the way the Courts are. In every case, I don't care if it's a car accident, okay, people come in and they lie, you know, a guy goes through a red light, he says he doesn't go through a red light, you know, he says the light was green and the other guy says the light was green and when, it has to be red on one side, but that's a fact of life which I guess people have to live with, people are liars and in Courts you can't believe half the things people say, but I think you are doing the right thing because at least this way you have a chance, you know, the other way, uh, he would definitely be found guilty and would definitely be fined and he could end up, if Reisberg wants to at a later time he could end up with the lawsuit on the...

On the basis of the above conversation and the complete record, the District IX Ethics Committee (Monmouth County) found that respondent was conscious of the impropriety of his actions when they occurred. It determined that his conduct violated DR 1–102(A)(3), (5) and (6). Upon a review of that record, the Disciplinary Review Board determined that the conclusions of the Committee were supported by clear and convincing evidence. We fully concur.

It is our practice to accept a criminal conviction as conclusive evidence of guilt in disciplinary proceedings. In a given situation it may be necessary and appropriate to examine the underlying facts of the conviction. But the fact of guilt will not be retried, except as it pertains to the severity of the discipline to be imposed. *In re Mirabelli*, 79 *N.J.* 597, 602 (1979); *In re La Duca*, 62 *N.J.* 133, 136 (1973).

Attempted subornation of perjury is an inexcusable and reprehensible transgression. It is an obstruction of the administration of justice. Respondent's actions project a public image of corruption of the judicial process. *In re La Duca*, 62 *N.J.* at 140; *In re Foster*, 60 *N.J.* 134, 136 (1972).

The Disciplinary Review Board recommended that respondent be suspended from the practice of law for one year. We consider the actions of the respondent to be more serious than perceived by the Disciplinary Review Board, on whose recommendation we generally place great weight. *In re Mirabelli*, 79 *N.J.* at 602. The mitigating factors urged are insubstantial.

We conclude that the interests of the public and of our profession will be properly served by respondent's suspension from the practice of law for a period of three years and until the further order of this Court. He is directed to reimburse the Administrative Office of the Courts for appropriate administrative costs, including production of transcripts.

*For suspension*—Chief Justice WILENTZ and Justices PASHMAN, CLIFFORD, SCHREIBER, HANDLER, POLLOCK and O'HERN—7.

*Opposed*—None.

## ORDER

It is ORDERED that LOUIS A. ROSEN of Keyport be suspended from the practice of law for three years and until the further order of this Court, effective December 1, 1981; and it is further

ORDERED that respondent reimburse the Administrative Office of the Courts for the cost of the transcripts in this matter; and it is further

ORDERED that, pending such reimbursement and restoration, respondent is restrained and enjoined from practicing law during the period of his suspension and further directed to comply with all the regulations of the Disciplinary Review Board governing suspended, disbarred and resigned attorneys.