IN THE MATTER OF HOWARD M. NACHT, AN ATTORNEY AT LAW.

March 9, 1982.

*William R. Holzapfel* argued the cause for the District XII Ethics Committee.

*John J. Waters* argued the cause for the respondent.

### ORDER

The Disciplinary Review Board having filed a report with the Supreme Court recommending that HOWARD M. NACHT of Linden be suspended from the practice of law for a period of one year, and good cause appearing;

It is ORDERED that the report of the Disciplinary Review Board is hereby adopted and that HOWARD M. NACHT is

suspended from the practice of law for a period of one year, effective March 15, 1982, and it is further

ORDERED that no application for restoration to the practice of law will be favorably considered until respondent has reimbursed the Administrative Office of the Courts for the costs arising out of these proceedings; and it is further

ORDERED that, pending such reimbursement and restoration, respondent is restrained and enjoined from practicing law during the period of his suspension and further directed to comply with all the regulations of the Disciplinary Review Board governing suspended, disbarred or resigned attorneys.

*For suspension*—Chief Justice WILENTZ and Justices PASHMAN, CLIFFORD, SCHREIBER, HANDLER, POLLOCK and O'HERN—7.

*Opposed*—None.

Decision and Recommendation of the Disciplinary Review Bd.

To the Honorable Chief Justice and Associate Justices of the Supreme Court of New Jersey:

This matter is before the Board based upon a presentment filed by the District XII Ethics Committee for Union County. That presentment is based upon respondent's July 21, 1980 plea of guilty to a disorderly persons complaint which charged him with corruption of an agent of a corporation in violation of N.J.S.A. 2A:170–88. Pursuant to a plea agreement, the State agreed to *nolle prosse* a six (6) count indictment, a six month custodial sentence was suspended, and a two year probationary period and $500 fine were imposed. Also as part of the plea agreement, and as a condition of probation, respondent was ordered to make restitution to Industry Community Center, Inc. (hereinafter ICC) in the amount of $821.73 within 10 days, and was further ordered to testify at the trial of a co-defendant named in the indictment.

The situation which led to the indictment against respondent and his later plea of guilty to the disorderly persons offense

arose during respondent's involvement in a supervisory capacity with the construction of a building in the City of Elizabeth by ICC. Respondent has stated that he was, at that time, an employee of Nash Associates, the building's architect. During his involvement with the ICC construction project, respondent accepted a check for $500 from the President of ICC as "vacation pay", and further charged $321.73 of personal expenses to an ICC credit card given to him by that same individual, although he knew that neither the check nor the credit card were authorized by the Board of Directors. The Committee concluded that respondent's conduct was similar to, although not as serious as, the conduct reviewed by the Court in *In re Franklin*, 71 *N.J.* 425 (1976). The Committee further noted that respondent was undergoing substantial matrimonial and financial difficulties at the time of this incident, and has continued to suffer since that time. The Committee determined, however, that respondent's conduct adversely reflected on his ability to practice law in violation of DR 1–102(A)(3) and determined that a private reprimand was insufficient under the circumstances.

At hearing before the Board, respondent's counsel contended that no purpose would be served by publicly disciplining his client, apparently in light of the time that has passed since the incident in question, and the fact that his client has not practiced law since 1976. He further contended that the respondent's problem was primarily the result of political shenanigans which arose after he left the position of Planning Director of the City of Elizabeth and was appointed by the Planning Board as its attorney over the Mayor's objection.

## CONCLUSION AND RECOMMENDATION

Upon a review of the full record, the Board is satisfied that the conclusion of the Committee, in finding unethical conduct on the part of respondent, is fully supported by clear and convincing evidence.

The Board concurs with the Committee's perception of the similarity of respondent Nacht's actions to those of the respon-

dent in the recent case of *In re Franklin*, 71 *N.J.* 425 (1976). "The respondent was obligated to adhere to the high standard of conduct required of a member of the bar even though his activities did not involve the practice of law." *Id.* at 429. However, the Board does not agree that the respondent's conduct herein is of a less serious nature. Although the amount of money involved is significantly lower in the case at hand, respondent Nacht's actions involved a corporation funded by public monies rather than a private corporation and, additionally, resulted in his prosecution for and guilty plea to corruption of an agent of a corporation, in violation of N.J.S.A. 2A:170–88. These factors elevate the respondent's conduct to the level of impropriety found to exist in *In re Franklin, supra.*

Respondent's claim that politically motivated disputes were the cause of his problem does not sway the Board, particularly in light of his admission at the time of his guilty plea (transcript of Plea on July 21, 1980, p. 10) and before the ethics committee that the monies given to him were not appropriately authorized (Transcript of May 12, 1981 proceedings before District XII Ethics Committee, pp. 58–59). The Board finds that the conviction here is conclusive evidence of respondent's guilt, and will not examine the underlying facts of the conviction. *In re Rosen*, 88 *N.J.* 1 (1981), *In re Mirabelli*, 79 *N.J.* 597 (1979). The Board further finds that the mitigating factors urged by respondent's counsel are insubstantial.

The Board therefore recommends that the respondent be suspended for one year. The Board further recommends that the respondent be required to reimburse the Administrative Office of the Courts for appropriate administrative costs, including production of transcripts.

DISCIPLINARY REVIEW BOARD

By: A. Arthur Davis, 3rd

A. Arthur Davis, 3rd
Chairman

Dated: December 28, 1981