IN THE MATTER OF DAVID FRIEDLAND, AN
ATTORNEY-AT-LAW.

Argued May 9, 1983—Decided January 31, 1984.

*Colette A. Coolbaugh,* Secretary, argued the cause for complainant Disciplinary Review Board.

*Brian W. Shaughnessy* argued the cause for respondent.

PER CURIAM.

This disciplinary proceeding arises out of a presentment summarized by the Disciplinary Review Board (DRB):

The respondent was indicted in October of 1979 by the Grand Jury of the United States District Court, District of New Jersey. Respondent, together with his father, was charged in seven counts of a nine count indictment with conspiring to solicit and receive kickbacks and soliciting and receiving a total of $360,000 in kickbacks in return for influencing decisions on the investment of the assets of their client, the Pension Fund of Local 701 of the International Brotherhood of Teamsters; traveling and causing to travel with intent to promote and facilitate bribery; endeavoring to influence a grand juror [1]; and making and subscribing false joint income tax returns, all in violation of Federal Law. The respondent entered a plea of not guilty, but was found guilty on all seven counts following trial. Respondent was sentenced on June 5, 1980 to a fine of $5,000 on each count, for a total of $35,000, to be paid by June 16, 1980, and four years imprisonment on each of two counts and three years on each of the remaining five counts, all to run concurrently. Execution of sentence was stayed pending appeal, as were the ethics proceedings; respondent was temporarily suspended from the practice of law effective January 5, 1981. His criminal conviction was affirmed.

The DRB report of the proceedings continues:

The District VI Ethics Committee heard this matter on July 7, 1982. Although respondent, by his attorney, had notice of the Committee hearing, no appearance was made. Following conclusion of the Ethics Committee hearing, Brian Shaughnessey, a Washington, D.C. attorney, contacted the Committee to request a hearing, contending that he now represented the respondent. He further claimed that respondent had not received proper notice of the Committee hearing, although he admitted that Raymond Brown, attorney of record, had received appropriate notice. He then requested that the hearing be reopened. He was then advised by Robert S. Feder, now Chairman of the District VI Ethics Committee, that a reopening of the Committee hearing would not be granted, and that the attorney of record would continue to be Raymond Brown, Esq., unless and until either the respondent or Mr. Brown advised to the contrary. The Committee thereafter concluded that respondent had violated *DR* 1–102(A)(1), (3), (4), (5) and (6).

The Disciplinary Review Board originally scheduled this matter for its December 1982 meeting. Based on respondent's representation that he would appear

---

[1]The charge actually was for endeavoring to influence a witness, not a grand juror, a distinction that DRB stated subsequently "does not in any way impact on" its recommendation for disbarment. We agree.

before the Board at its January 19, 1983 meeting barring an 'act of God', the matter was adjourned for one month. However, prior to the rescheduled hearing, respondent advised he would be unable to attend since he would be in Switzerland, and that the United States Attorney's Office for the District of New Jersey had requested that he not appear until after the conclusion of his cooperation with that office. The Board's staff thereafter contacted the United States Attorney's Office, which confirmed the request that the respondent not appear before the Board at this time due to significant concern for his safety.

In his letter requesting further adjournment, respondent contended that he wished to have the opportunity to demonstrate that his convictions were invalid and to show 'cause for (his) prior behavior.'

The Board determined to deny this latest request for adjournment, and proceeded to hear the matter.

Based upon the preceding findings, the DRB concluded:

Upon a review of the full record, the Board is satisfied that the conclusions of the Committee in finding unethical conduct on the part of respondent are fully supported by clear and convincing evidence. The respondent's criminal conduct constitutes multiple violations of *DR* 1–102(A)(1), (3), (4), (5) and (6). The respondent stands convicted of conspiracy and soliciting kickbacks for significant gain to the financial detriment of his client, the Pension Fund. This alone merits disbarment. *See In re Colsey,* 63 *N.J.* 210 (1973). When joined with his conviction on the additional counts of the indictment, which include income tax violations and attempting to influence a grand juror [sic], the conclusion is inescapable that disbarment is mandated.

The Board specifically finds that no mitigating circumstances are present. Respondent's current cooperation with federal authorities does not minimize respondent's unethical conduct. Additionally, in 1971, respondent was suspended for six months for thwarting the prosecution of a criminal matter by arranging the payment of money conditioned on the successful effort of the complaining party to have the charges dismissed. *In re Friedland,* 59 *N.J.* 209 (1971). Equally pertinent to the Board's review is the fact that the respondent was an elected State official, serving in the Senate, at the time of his conviction. Thus, in addition to violating his obligations as an attorney, respondent has violated the public trust. The Board concludes that respondent's conduct thoroughly 'demonstrates his unfitness to engage in the practice of law.' *In re Bricker,* 90 *N.J.* 6 (1982).

The Board therefore recommends that the respondent be disbarred. The Board further recommends that the respondent be required to reimburse the Administrative Office of the Courts for appropriate administrative costs, including production of transcripts.

This Court had temporarily suspended respondent pending the outcome of the disciplinary proceedings. Upon receipt of the DRB report, we issued an order to show cause why respondent should not be disbarred or otherwise disciplined. On the return

date of the order to show cause, respondent's counsel requested a remand to the DRB to prove mitigating circumstances "that bear upon the appropriate discipline to be imposed considering the nature of the offense." Thereafter, the DRB scheduled the matter on three occasions between June and October 1983. Respondent submitted no proof of mitigating facts; instead, he merely requested an adjournment of each hearing. Consequently, on November 22, 1983, the DRB confirmed its earlier findings. Respondent has submitted no response to this Court.

■ As the DRB noted, respondent was suspended previously in a separate matter for six months. At the time of the present violation, respondent was serving as a member of the New Jersey Senate. In some cases, public service may mitigate the sanction for unethical conduct of an attorney. *In re Stout*, 75 *N.J.* 321, 325 (1978); *In re Sears*, 71 *N.J.* 175, 199–200 (1976). Under the circumstances of this case, however, respondent's service does not equate with dedication to the commonweal. Rather, his misconduct reflects a disregard for the public trust.

■ Our independent review of the facts leads us to conclude that the factual findings of the DRB are correct. We adopt those findings and the recommendation of the DRB that respondent be disbarred. Respondent shall reimburse the Administrative Office of the Courts for administrative costs, including the preparation of transcripts.

*For disbarment*—Justices CLIFFORD, SCHREIBER, HANDLER, POLLOCK, O'HERN, GARIBALDI—6.

*Opposed*—None.

## ORDER

It is ORDERED that DAVID FRIEDLAND of JERSEY CITY be disbarred and that his name be stricken from the roll of attorneys of this State, effective immediately; and it is further

ORDERED that DAVID FRIEDLAND be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that respondent reimburse the Administrative Office of the Courts for administrative costs, including the preparation of transcripts; and it is further

ORDERED that respondent comply with all the regulations of the Disciplinary Review Board governing suspended, disbarred or resigned attorneys.