IN THE MATTER OF JACOB FRIEDLAND, AN
ATTORNEY-AT-LAW.

Argued May 9, 1983—Decided January 31, 1984.

*Colette A. Coolbaugh,* Secretary, argued the cause for complainant Disciplinary Review Board.

*Brian W. Shaughnessy* argued the cause for respondent.

PER CURIAM.

Together with his son, David Friedland, respondent was charged in a presentment summarized by the Disciplinary Review Board (DRB):

The respondent was indicted in October of 1979 by the Grand Jury of the United States District Court, District of New Jersey. Respondent, together with his son, was charged in seven counts of a nine count indictment with conspiring to solicit and receive kickbacks and soliciting and receiving a total of $360,000 in kickbacks in return for influencing decisions on the investment of the assets of their client, the Pension Fund of Local 701 of the International Brotherhood of Teamsters; traveling and causing to travel with intent to promote and facilitate bribery; endeavoring to influence a grand juror [1]; and making and subscribing false joint income tax returns, all in violation of Federal Law. The respondent entered a plea of not guilty, but was found guilty on all seven counts following trial. Respondent was sentenced on June 5, 1980 to a fine of $5,000 on each count, for a total of $35,000, to be paid by June 16, 1980, and two years imprisonment on each of six counts to run concurrently, together with a five year probationary term on one count which was to follow his release from prison. Execution of sentence was stayed pending appeal, as were the ethics proceedings; respondent was temporarily suspended from the practice of law effective January 5, 1981. His criminal conviction was affirmed. The custodial aspect of respondent's sentence, however was suspended in October of 1982 because of his advanced age (82) and failing health.

The District VI Ethics Committee heard this matter on July 7, 1982. Neither respondent nor his attorney appeared before the Committee. Respondent's counsel advised by telephone that he did not intend to appear, but that respondent's age should be considered as a mitigating factor. The Committee concluded that respondent had violated DR 1–102(A)(1), (3), (4), (5) and (6).

## Based upon those findings, the DRB concluded:

Upon a review of the full record, the Board is satisfied that the conclusions of the Committee in finding unethical conduct on the part of respondent are fully supported by clear and convincing evidence. The respondent's criminal conduct constitutes multiple violations of DR 1–102(A)(1), (3), (4), (5) and (6). The respondent stands convicted of conspiracy and soliciting kickbacks for significant gain to the financial detriment of his client, the Pension Fund. This alone merits disbarment. See In re Colsey, 63 N.J. 210 (1973). When joined with his conviction on the additional counts of the indictment, which include income tax violations and attempting to influence a grand juror [sic], the conclusion is inescapable that disbarment is mandated.

The Board specifically finds that no mitigating circumstances are present. While of advanced age, there was no question of Respondent's competence. His conduct thoroughly 'demonstrates his unfitness to engage in the practice of law.' In re Bricker, 90 N.J. 6 (1982).

The Board therefore recommends that the respondent be disbarred. The Board further recommends that the respondent be required to reimburse the

---

[1] The charge actually was for endeavoring to influence a witness, not a grand juror, a distinction that the DRB stated subsequently "does not in any way impact on" its recommendation for disbarment. We agree.

Administrative Office of the Courts for appropriate administrative costs, including production of transcripts.

Shortly after the entry of the judgment of conviction in the United States District Court, we temporarily suspended respondent pending the final disposition of the ethics' charges against him. Upon receipt of the DRB Decision and Recommendation, we issued an order to show cause why respondent should not be disbarred or otherwise disciplined. On the return date of the order to show cause, respondent's counsel requested a remand to submit proof pertaining to respondent's medical condition and other alleged mitigating circumstances. As set forth in the related case of *In re David Friedland*, 95 *N.J.* 170 (1984), the DRB scheduled the matter for hearing on three separate occasions between June and October 1983. Respondent, however, submitted no evidence. Furthermore, the DRB advises it was aware of respondent's age and medical condition, as well as his absence of a prior disciplinary record, when it rendered its original decision.

Our independent review of the record leads to the conclusion that the findings of the DRB are correct, and we adopt them. Furthermore, we adopt the recommendation of the DRB that respondent be disbarred. Respondent shall reimburse the Administrative Office of the Courts for administrative costs, including the preparation of transcripts.

*For disbarment*—Justices CLIFFORD, SCHREIBER, HANDLER, POLLOCK, O'HERN and GARIBALDI—6.

*Opposed*—None.

## ORDER

It is ORDERED that JACOB FRIEDLAND of JERSEY CITY be disbarred and that his name be stricken from the roll of attorneys of this State, effective immediately; and it is further

ORDERED that JACOB FRIEDLAND be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that respondent reimburse the Administrative Office of the Courts for administrative costs, including the preparation of transcripts; and it is further

ORDERED that respondent comply with all the regulations of the Disciplinary Review Board governing suspended, disbarred or resigned attorneys.