IN THE MATTER OF JERRY HILLIARD, AN
ATTORNEY AT LAW.

June 13, 1985.

---

* T refers to transcript of motion for new trial and sentencing of October 1, 1980.

## ORDER

This matter having come before the Court on an order to show cause why JERRY HILLIARD of PASSAIC should not be disbarred or otherwise disciplined for his criminal conviction of two counts of misapplication of entrusted property, and said JERRY HILLIARD having failed to appear before this Court on the return date of said order to show cause, and good cause appearing;

It is ORDERED that the report of the Disciplinary Review Board recommending that respondent be disbarred is hereby adopted; and it is further

ORDERED that JERRY HILLIARD be disbarred and that his name be stricken from the roll of attorneys of this State, effective immediately; and it is further

ORDERED that JERRY HILLIARD be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that JERRY HILLIARD reimburse the Ethics Financial Committee for appropriate administrative costs.

## APPENDIX

### *Decision and Recommendation of the Disciplinary Review Board*

This matter is before the Board on a Motion for Final Discipline filed by the Office of Attorney Ethics. This is based on Respondent's guilty pleas to two counts of misapplication of entrusted property belonging to various clients, contrary to *N.J.S.A.* 2C:21–15.

On July 6, 1983, the Passaic County Prosecutor's office filed Accusation 819–83 against Respondent. In Count One, he was charged with misapplying $2,500 on May 11, 1983. This represented a client's settlement proceeds from an insurance company. In Count Two, Respondent was charged with misapplying money between January 1, 1981 and June 1, 1983, in a manner which he knew was unlawful and involved a substantial risk of loss or detriment to various former clients. Both are third degree crimes.

On July 7, 1983, Respondent pleaded guilty to the two charges. Concerning Count One, Respondent admitted he had his client endorse the insurance check for $2,500, but he did not deposit the money in his trust account. Instead, he used the money for his personal benefit. Concerning Count Two, Respondent stated that when he received settlement checks for his clients, he would deposit them and immediately start drawing on his portion to pay personal bills. He did not wait until the checks cleared and the clients received their share. As a result, he was using some other clients' money to draw his own fee out of his trust account. No actual dollar amount was established for this count. There was no evidence presented to the court to indicate that any client lost any money because of Respondent's conduct.

Respondent was sentenced on October 6, 1983. He was placed on probation for three years. Conditions of probation were that he serve 120 days in the Passaic County jail and contribute 250 hours of community service for each count, for a total of 500 hours. Respondent was temporarily suspended from the practice of law by consent order dated June 16, 1983.

The Office of Attorney Ethics now requests this Board to recommend to the Supreme Court that Respondent be disbarred.

## CONCLUSION AND RECOMMENDATION

A criminal conviction is conclusive evidence of Respondent's guilt. *R.* 1:20–6(b)(1). Thus, there is no need to make an

independent examination of the underlying facts to ascertain guilt. *In re Bricker*, 90 *N.J.* 6, 10 (1982). The only issue to be determined is the extent of final discipline to be imposed. *R.* 1:20–6(b)(2)(ii). Respondent's pleas of guilty established that he had engaged in illegal conduct which adversely reflected on his fitness to practice law because of dishonesty, fraud, deceit, or misrepresentation. *DR* 1–102(A)(3) and (4).

In both counts of the accusation, Respondent is charged with misapplication of entrusted funds, contrary to *N.J.S.A.* 2C:21–15. Count One pertained to May 11, 1983 and Count Two pertained to the time period of January 1, 1981 through June 1, 1983. This case is clearly governed by *In re Wilson*, 81 *N.J.* 451 (1979), which mandates disbarment in misappropriation cases, except in rare instances.

While Respondent sought to offer mitigating factors when he was sentenced for his criminal convictions, he did not appear before the Board, although he was aware of the hearing. In fact, Respondent was personally served regarding this hearing by his probation officer.

The Board finds there are no mitigating circumstances. The maintenance of public confidence in the Supreme Court and in the Bar, as a whole, requires the strictest discipline in misappropriation cases. *In re Wilson, supra,* at 461. Accordingly, the Board recommends Respondent be disbarred.

The Board further recommends that Respondent be required to reimburse the Ethics Financial Committee for appropriate administrative costs.