IN THE MATTER OF ARTHUR B. KRAMER, AN
ATTORNEY AT LAW.

January 10, 1989.

## ORDER

This matter coming before the Court on an order to show
cause why ARTHUR B. KRAMER of UNION should not be

disbarred or otherwise disciplined, and said ARTHUR B. KRAMER having failed to appear before this Court on the return date of said order to show cause, and good cause appearing;

It is ORDERED that the report of the Disciplinary Review Board recommending that ARTHUR B. KRAMER be disbarred is hereby adopted; and it is

ORDERED that ARTHUR B. KRAMER be disbarred and that his name be stricken from the roll of attorneys of this State, effective immediately; and it is

ORDERED that ARTHUR B. KRAMER be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that respondent reimburse the Ethics Financial Committee for appropriate administrative costs; and it is further

ORDERED that respondent comply with Administrative Guideline 23 of the Office of Attorney Ethics dealing with disbarred attorneys.

## APPENDIX

### *Decision and Recommendation of the Disciplinary Review Board*

To the Honorable Chief Justice and Associate Justices of the Supreme Court of New Jersey.

This matter is before the Board on a Motion for Final Discipline filed by the Office of Attorney Ethics, based on respondent's guilty pleas of one count of misapplication of entrusted property belonging to a client, contrary to *N.J.S.A.* 2C: 21–15, and one count of falsifying or tampering with records, contrary to *N.J.S.A.* 2C: 21–4(a).

On January 13, 1988, a two-count indictment was returned against respondent by the Union County Grand Jury (Ind. No.

88-01-0038). Count one charged him with misapplying approximately $25,000.00, a client's proceeds from a sale of real estate, which proceeds respondent was required to deposit as escrow funds in a separate interest-bearing account for the benefit of his client. Instead, respondent deposited them into his personal account with Inter Community Bank on November 15, 1985. On that same day, he drew two checks totalling $21,250.00. On the date that the checks were paid, only $983.27 remained in respondent's personal account.

In count two, respondent was charged with falsifying and tampering with records in March 1986, when he allowed his client in a real estate transaction to sign an Affidavit of Title, knowing that there was an outstanding lien against the property. The crimes are of the third and fourth degrees, respectively.

On April 5, 1988, respondent pleaded guilty to the two charges. At the plea hearing, he admitted that, in November 1985, he knowingly misappropriated funds that he was supposed to hold in trust for the benefit of the client (T1 7–12 to 8–8).[1] Respondent also admitted that, while representing a client in a real estate closing in which there was an outstanding lien on the property, he knowingly allowed the client to sign an Affidavit of Title attesting that no lien existed (T1 8–9 to 23).

On May 20, 1988, respondent was sentenced to an aggregate term of four years' probation, 400 hours of community service and a fine of $2,500. Respondent was temporarily suspended from the practice of law by Order dated September 8, 1986.

The Office of Attorney Ethics now requests this Board recommend to the Supreme Court that respondent be disbarred.

## CONCLUSION AND RECOMMENDATION

A criminal conviction is conclusive evidence of respondent's guilt. *R.* 1:20–6(b)(1). Accordingly, there is no need to

---

[1] T1 denotes the transcript of respondent's guilty plea of April 5, 1988.

make an independent examination of the underlying facts to ascertain guilt. *In re Bricker*, 90 *N.J.* 6, 10 (1982). The only issue to be determined is the extent of the final discipline to be imposed *R.* 1:20-6(b)(2)(ii). Respondent's pleas of guilty established he engaged in illegal conduct which adversely reflected on his fitness as a lawyer, the result of dishonesty, fraud, deceit and misrepresentation. *RPC* 8.4((b) and (c).

In one count of the indictment, respondent is charged with misapplication of entrusted funds, contrary to *N.J.S.A.* 2C:21-15. Respondent has admitted that he intentionally misappropriated approximately $25,000.00 from his client. This alone requires disbarment. *In re Noonan*, 102 *N.J.* 157, 160 (1986); *In re Wilson*, 81 *N.J.* 451, 455 (1979).

The Board finds no mitigating circumstances. The maintenance of public confidence, in the Supreme Court and the bar as a whole, requires the strictest discipline in misappropriation cases. *In re Wilson, supra*, 81 *N.J.* at 461. Accordingly, the Board unanimously recommends respondent be disbarred. Three members did not participate.

The Board further recommends respondent be required to reimburse the Ethics Financial Committee for appropriate administrative costs.