688 A.2d 602

IN THE MATTER OF FRANK VALENTIN,
AN ATTORNEY AT LAW.

Argued January 6, 1997—Decided February 21, 1997.

*Richard J. Engelhardt*, Counsel to Director, argued the cause on behalf of the Office of Attorney Ethics.

*Stephen J. Tafaro* argued the cause for respondent (*Tafaro & Flynn*, attorneys; *Daniel J. O'Connor*, on the brief).

PER CURIAM.

Pursuant to *Rule* 1:20–14(a)(4), the Office of Attorney Ethics filed a Motion for Reciprocal Discipline with the Disciplinary Review Board seeking the disbarment of respondent Frank Valentin. The application was based on respondent's disbarment by New York, which action followed his criminal conviction for the sale of more than one pound of cocaine.

In a report that is appended to this opinion, the Disciplinary Review Board recommended that respondent be disbarred. The Court adopts the Board's report and directs that respondent be disbarred.

So Ordered.

## ATTACHMENT

### SUPREME COURT OF NEW JERSEY

Disciplinary Review Board

Docket No. DRB 92-261

In the Matter of

Frank Valentin

An Attorney at Law

Decision of the Disciplinary Review Board

Argued: September 20, 1995

Decided: July 15, 1996

Richard J. Engelhardt appeared in behalf of the Office of Attorney Ethics.

Respondent did not appear due to his incarceration in another state.

To the Honorable Chief Justice and Associate Justices of the Supreme Court of New Jersey.

This matter was before the Board on a Motion for Reciprocal Discipline filed by the Office of Attorney Ethics (OAE), based upon respondent's disbarment in the State of New York following his criminal conviction for the sale of cocaine.

Respondent has been a member of the New Jersey bar since 1988 and the New York bar since 1986. On April 30, 1994, a three-count indictment was filed in the Bronx County Court, State of New York, charging respondent with criminal sale of a controlled substance in the first degree [*N.Y. Penal Law* 220.43(1) ], criminal possession of a controlled substance in the first degree [*N.Y. Penal Law* 220. 21(1) ] and resisting arrest [*N.Y. Penal Law* 205.30]. On November 12, 1993, respondent entered a guilty plea to a reduced charge of criminal sale of a controlled substance in the third degree [*N.Y. Penal Law* 220.3a(1) ], a class B felony. On January 21, 1994, respondent was sentenced to an indeterminate term of imprisonment, ranging from fifty-two months to fourteen years.

The event underlying respondent's conviction occurred late at night on April 26, 1993, when he sold more than a pound of cocaine to a police informant for the sum of $11,500. Prior to the transaction, respondent's name had arisen repeatedly in connection with narcotics deals during a wiretap investigation. This matter was not respondent's first contact with illegal drugs, as he had an admitted history of drug addiction.

Based upon respondent's conviction, on August 4, 1994, the Supreme Court of New York, Appellate Division, First Judicial

502

Department, ordered him disbarred from the practice of law in the State of New York.

Respondent did not notify the OAE of either his criminal conviction [R. 1:20–13(a)(1) ] or his disbarment in New York [R. 1:20–14(a)(1) ]. The OAE was so informed by the New York Department Disciplinary Committee. On January 30, 1995, the New Jersey Supreme Court, pursuant to [R. 1:20–13(b)(1) ], temporarily suspended respondent for his conviction of a serious crime. *In re Valentin,* 139 *N.J.* 160, 651 *A.*2d 1028 (1995). The suspension remains in effect as of this date.

The OAE has requested the imposition of disbarment.

\*       \*       \*       \*       \*       \*       \*       \*

Upon review of the full record, the Board has determined to grant the OAE's Motion for Reciprocal Discipline. Pursuant to *R.* 1:20–14(a)(5) (another jurisdiction's finding of misconduct shall establish conclusively the facts on which the Board rests for purposes of a disciplinary proceeding), the Board adopted the findings of the New York Supreme Court, Appellate Division, First Judicial Department. The Board also considered respondent's failure to notify the OAE of his New York disbarment and criminal conviction, in violation of *R.* 1:20–14(a)(1) and *R.* 1:20–13(a)(1).

In disciplinary proceedings, the existence of a criminal conviction is conclusive evidence of respondent's guilt. *R.* 1:20–13(c)(1); *In re Rosen,* 88 *N.J.* 1, 3, 438 *A.*2d 316 (1981). Whenever an attorney commits a crime, he or she violates his or her professional duty to uphold and honor the law. *In re Bricker,* 90 *N.J.* 6, 11, 446 *A.*2d 1195 (1982). Respondent's criminal conviction clearly and convincingly demonstrates that he committed a criminal act which adversely reflects on his fitness as a lawyer. *RPC* 8.4(b).

Reciprocal disciplinary proceedings in New Jersey are governed by *R.* 1:20–14(a)(4), which provides:

... [t]he Board shall recommend the imposition of the identical action or discipline unless the respondent demonstrates, or the Board finds on the face of the record

upon which the discipline in another jurisdiction was predicated that it clearly appears that:

(A) the disciplinary ... order of the foreign jurisdiction was not entered;

(B) the disciplinary ... order of the foreign jurisdiction does not apply to the respondent;

(C) the disciplinary ... order of the foreign jurisdiction does not remain in full force and effect as the result of appellate proceedings;

(D) the procedure followed in the foreign disciplinary matter was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

(E) the misconduct established warrants substantially different discipline.

A review of the record does not reveal any conditions that would fall within the ambit of subparagraphs (A) through (D). As to subparagraph (E), although respondent was disbarred in New York, a disbarred New York attorney may seek reinstatement seven years after the effective date of disbarment. 22 *N.Y.C.R.* 603.14. The magnitude of respondent's crime, however, warrants more severe discipline than a seven-year suspension in New Jersey. It warrants disbarment.

Prior New Jersey cases involving attorneys who distributed controlled substances for financial gain have resulted in disbarment. In *In re Goldberg*, 105 *N.J.* 278, 520 *A.*2d 1147 (1987), an attorney was disbarred subsequent to his conviction of conspiracy to distribute, and possession with the intent to distribute, phenyl acetone ("speed"). In *In re McCann*, 110 *N.J.* 496, 541 *A.*2d 1361 (1988), an attorney was disbarred for convictions of large scale drug distribution and income tax evasion. As the Court ruled in *In re Kinnear*, 105 *N.J.* 391, 396, 522 *A.*2d 414 (1987), "in most cases an attorney convicted of distribution of controlled dangerous substances [will] be disbarred. Disbarment would certainly be appropriate if the distribution were done for gain or profit."

In his brief to the Board, respondent advanced a claim of post-traumatic stress disorder, not as a justification, but as an explanation for his actions. No amount of mitigation, however, will be sufficient to save respondent from disbarment in New Jersey. As the Court stated in *In re Goldberg, supra*, 105 *N.J.* at 283–84, 520 *A.*2d 1147;

504

[t]he public must be protected from attorneys ... who are unable to resist the opportunities for dishonesty which the practice of law often presents. That a lawyer, a representative of the profession sworn to honor and uphold our laws, would participate and profit from the illicit drug trade is unconscionable. Both the public and the bar are entitled to be assured that such an attorney will never return to the profession. [Citation omitted].

Here, too, respondent's distribution of a controlled substance for profit was unconscionable. It matters not that his criminal activity was confined to one incident. It is the magnitude of the crime that mandates disbarment. The Board unanimously so recommends.

The Board further determined to require respondent to reimburse the Disciplinary Oversight Committee for administrative costs.

Dated: 7/15/96

By: /s/ Lee M. Hymerling

LEE M. HYMERLING,
Chair
Disciplinary Review Board

O'HERN, Justice, dissenting.

We have ordinarily disbarred attorneys who have sold drugs. This case requires special concern.

On July 6, 1969, Frank Valentin was drafted into the United States Army. His service took him to a combat unit in the central highlands of Vietnam. He received the Purple Heart and other commendations for his service. Unfortunately, like so many other veterans of that war, he became addicted to drugs and suffered a profound mental disorder from the loss of close comrades.

He resolved to live a life in emulation of one of his fallen comrades. He returned to his community in the Bronx. He worked full-time at night as a uniformed court officer while putting himself through Seton Hall Law School and raising a family. In 1986, he was admitted to the New York bar and opened up a law practice in the Bronx.

Unfortunately, he could never shed his addiction to heroin. He led a double life. At once an admired member of his community rendering counsel to others and at the same time living a life of drug dependency. He has pled guilty in New York to a third-degree criminal sale of drugs charge involving the sale of a pound of cocaine for $11,500. There are overtones of greater involvement. These are disputed. Were we to premise discipline on disputed facts, we would have to conduct a hearing to establish the predicate for discipline. *In re Spina*, 121 *N.J.* 378, 580 *A.*2d 262 (1990).

On the occasion of respondent's sentencing, the court described him thus:

> He was a court officer for a number of years, highly respected, received commendations, went to law school, became an attorney, and became a successful practitioner, and has appeared before me on many occasions and has done well for his clients. Apparently has a drug problem which goes back many years. He has a psychiatric history which also goes back many years [for] which he has received treatments as a result of the Vietnam War, at different veterans' hospitals. He has a family, a wife, children. He's worked hard all his life and done the good things that were supposed to be done by the people who represent defendants, and people in public office and public life. I can't go into the motives in this matter because I really don't know what the motives were.

Valentin's motives to make the drug sale were clouded by a dispute with an undercover agent over the sale of a car. We have the case on a motion for reciprocal discipline pursuant to *Rule* 1:20–14(a)(4). Under that *Rule* we would ordinarily impose the identical action or discipline taken by the other jurisdiction unless "the misconduct established warrants substantially different discipline." *R.* 1:20–14(a)(4)(E). Under New York practice, a disbarred attorney may seek reinstatement seven years after the effective date of disbarment. New Jersey disbarment is final.

We have therefore ordinarily not disbarred attorneys unless the attorney's conduct is so "immoral, venal, corrupt or criminal as to destroy totally any vestige of confidence that the individual could ever again practice in conformity with the standards of the profession." *In re Templeton*, 99 *N.J.* 365, 376, 492 *A.*2d 1001 (1985). We thus reasoned in *In re Farr*, 115 *N.J.* 231, 557 *A.*2d

1373 (1989), that when the cause of ethical transgressions seem to be " 'some mental, emotional, or psychological state or medical condition that is not obvious and ... could be corrected through treatment,' " the respondent "need not be disbarred to preserve confidence in the bar or to protect the public." 115 *N.J.* at 237, 557 *A.*2d 1373 (quoting *Templeton, supra,* 99 *N.J.* at 374, 492 *A.*2d 1001). (That exception, however, does not apply to the knowing misappropriation of funds. *In re Skevin,* 104 *N.J.* 476, 517 *A.*2d 852 (1986).) In this case, the circumstances do not unerringly point to a conclusion that Frank Valentin has an utterly "unsalvageable professional character," or is utterly "beyond the pale of professional rehabilitation," the traits that call for disbarment. *Templeton, supra,* 99 *N.J.* at 376, 377, 492 *A.*2d 1001.

Most of us can only learn second-hand how Valentin's service experience in Vietnam could have affected his life. Were we to offer him the hope of redemption through restoration to practice upon a showing of a drug-free life for seven years, we might not just salvage a lawyer, we might salvage a life. Is it wrong to suggest that we might just owe him this?

Justice STEIN joins in this opinion.

## ORDER

It is ORDERED that FRANK VALENTIN of STATEN ISLAND, who was admitted to the bar of this State in 1988, be disbarred and that his name be stricken from the roll of attorneys of this State, effective immediately; and it is further

ORDERED that FRANK VALENTIN be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that all funds, if any, currently existing in any New Jersey financial institution maintained by FRANK VALENTIN, pursuant to *Rule* 1:21–6, be restrained from disbursement except upon application to this Court, for good cause shown, and shall be transferred by the financial institution to the Clerk of the Superior

Court who is directed to deposit the funds in the Superior Court Trust Fund, pending further Order of this Court; and it is further

ORDERED that FRANK VALENTIN comply with *Rule* 1:20–20 dealing with disbarred attorneys; and it is further

ORDERED that FRANK VALENTIN reimburse the Disciplinary Oversight Committee for appropriate administrative costs.